THE PEOPLE OF THE STATE OF NEW YORK ex rel. OLIVER S. VENTRES and Others, Relators, *v.* WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Defendants.

ALAN McVEIGH and CHARLES E. McCRODDEN, Intervenors.

Supreme Court, Kings Special Term, September, 1923.

**New York city — Building Zone Law — when digging of sand in residential section should not be permitted — action of board of appeals reversed on certiorari.**

All real property within the city of New York, whether improved or not, is subject to the Building Zone Law, and the fact that, prior to its enactment, sand was being carted from a small portion of thirteen acres which covered a number of city blocks gives no right to excavate the same from the entire property, as a business, although under section 6 of the law the prohibited use may be continued as it was being done when said law took effect.

Upon certiorari to review the action of the board of appeals in reversing the order of the fire commissioner, acting under the Building Zone Law, prohibiting the sand digging industry in a residential district and allowing the business to continue, it was made to appear that it is the intention to take sand from the whole property and then fill in the excavation with ashes and other material, and that at most there were relatively few loads of sand carted away until about 1919, and then only from one end of the property in a space about 100 feet square, far removed from the present operations. *Held*, that said action of the board of appeals was unwarranted and practically nullified the Zoning Law and that relator was entitled to judgment, with fifty dollars costs.

CERTIORARI to review action of board of appeals.

*Louis Heaton Pink*, for relators.

*William H. Good*, for intervenors McVeigh and McCrodden.

*George P. Nicholson*, corporation counsel, for defendants.

CROPSEY, J.   Upon this review of the action of the defendants, the only brief submitted in opposition to relators is by the third parties whose interests would be affected by an adverse decision. The fire commissioner issued an order under the Building Zone Law prohibiting the continuance of the sand digging industry carried on in a residence district.   Upon appeal the board of appeals reversed that order and allowed the business to continue.

The Building Zone Law plainly applies to the entire city and to all property in it, whether improved or unimproved (§§ 2, 3, 4). The property in question is unimproved and as it consists of sand extending to the water table — a depth of twenty-five or thirty feet — the sand is being excavated for commercial purposes to great depths by means of steam shovels.   The enterprise is manifestly a prohibited use of the property.   But those who are carrying on the work assert the right to continue, claiming such a use existed before the Building Zone Law was adopted (July 25, 1916).   Section 6 allows any use that was being made of premises at the time of the passage of the resolution to be continued although contrary to the regulations.   There is a conflict of statement in the papers as to whether sand was being taken from the property before July 25, 1916, and so it should be assumed as the board has found that the fact was that sand was then being excavated.   But there is nothing to show any use of the entire property or any such use as the present one of any portion of the property, prior to 1916.   At most there were relatively few loads of sand carried away until about 1919 and those were excavated only from one end of the property in a space about 100 feet square, and far removed from the present operation.   The whole property covers a number of city blocks and contains thirteen acres, and it is the intention to take the sand from the whole of it and then fill in the excavation with ashes and other material.   If sand was being carted from a small portion of the property before the enactment of the Zoning Law, that does not give the right to excavate the sand as a business from the entire thirteen acres.   The prohibited use may be continued only as it was being done when the law became effective.   This is plainly indicated by the provisions of section 6. Those prohibit the enlargement of a building used for a purpose contrary to the Zoning Law, unless its use is changed to one permitted in that district, and section 7, which gives the board power to vary the regulations regarding the use of premises, limits that power in a way that shows that no such extension of the prohibited use could be had as is here claimed.   The board did not act under this section and it plainly would not have the power to do as it did

thereunder. The limitation upon its power, however, is significant. It may permit the extension of an existing building and the existing use thereof " upon the lot occupied by such building at the time of the passage of this resolution " or permit the erection of an additional building " upon a lot occupied at the time of the passage of this resolution by a commercial or industrial establishment." When a lot lies partly in two districts and is in a single ownership the board may permit the use of the whole lot for any purpose allowed in either district, with a certain limitation. The lot used marks the limits of the continued use that is permitted. No such extension of that use as is being made in the present case finds support in the law.

The board did not act under subdivision " f " of section 7 if indeed it would be applicable. This action was unwarranted and practically nullified the Zoning Law. It cannot stand. Judgment for relator, with fifty dollars costs. Settle order on notice.

Ordered accordingly.