In the Matter of the Application of HERCULES VEGENAS *v.* WILLIAM E. KELLY, County Clerk, etc.

Supreme Court, Kings Special Term, March, 1924.

**Mortgages — chattel mortgage — foreclosure — lis pendens need not be filed.**

In an action to foreclose a chattel mortgage a *lis pendens* need not be filed.

MOTION to compel county clerk to accept a *lis pendens* in an action to foreclose a lien on chattels.

*Henry Schoenherr,* for petitioner.

*Hector McG. Curren,* for respondent.

CALLAGHAN, J. The motion is to compel the county clerk to accept a *lis pendens* in an action to foreclose a lien on chattels. By rule 267 the provisions of article 31 of the Rules of Civil Practice, which refer to actions for foreclosure, are made applicable to actions "to foreclose a mortgage or other lien on chattels or other personal property." Rule 258 in the same article provides that "In all foreclosure cases, the plaintiff, when he moves for judgment, must show by affidavit, or by the certificate of the clerk of the county in which the mortgaged premises are situated, that a notice of the pendency of the action * * * has been filed at least twenty days before such application for judgment * * *." Premises means land. *Rouse* v. *Catskill & N. Y. Steam-Boat Co.*, 59 Hun, 80. The only provision in the Civil Practice Act requiring that a *lis pendens* be filed is found in section 120, and that section refers to premises and nothing is specified concerning a *lis pendens* to foreclose a lien on chattels. The logical deduction to be made from these two rules and from the statute, therefore, is that at no time is the plaintiff required to show, as a condition for getting judgment, that he has filed a *lis pendens,* and that rule 267, wherein it refers to other provisions specified in article 31, does not mean that a *lis pendens* must be filed or need be filed in an action to foreclose a chattel mortgage. The motion is, therefore, denied.

Ordered accordingly.