In the Matter of the Application of MONUMENT GARAGE CORPORATION, Petitioner, for a Peremptory Mandamus Order against SAMUEL LEVY, President of the Borough of Manhattan, Respondent.

Supreme Court, New York County, November 20, 1933.

*Goldfarb & Fleece* [*Charles L. Fleece* of counsel], for the petitioners.

*Arthur J. W. Hilly, Corporation Counsel* [*Benjamin Millstein* of counsel], for the defendant.

*Carter, Ledyard & Milburn*, for Murray Hill Association, *amicus curiæ*.

*Benjamin Gollay*, for the Central West Garage Owners Association, Inc., *amicus curiæ*.

*Manheim Rosenzweig*, for the Randolph Realty Corporation, *amicus curiæ*.

*Joseph Beihilf*, for the Park Avenue Association, Inc., *amicus curiæ*.

FRANKENTHALER, J. The objection that the building zone resolution would be violated by granting the relief sought by the petitioner was raised at the time of the original application for an order of mandamus. Although there was no dispute as to the facts relating to that objection, the court granted an alternative order of mandamus. This was tantamount to a holding that the objection was without merit, for otherwise no order of mandamus, either peremptory or alternative, should have been issued. As " the courts have repeatedly held that one justice at Special Term may not review and set aside an order made by another justice " (*Endurance Hold. Corp.* v. *Kramer Surgical Stores, Inc.*, 227 App. Div. 582, 584), the claim that the permit should not be granted because of an alleged violation of the building zone resolution must be disregarded upon the present application. The case of *People ex rel. Broadway & 96th Street Realty Co.* v. *Walsh* (203 App. Div. 468) is distinguishable. As the Appellate Division there pointed out, the demurrer to the alternative writ was overruled at Special Term, on the ground that there was nothing in the writ to suggest that the remedy of an appeal to the board of standards and appeals was actually open to the relator as an adequate means of redressing its grievance and that, therefore, the objection had to be presented by the return to the alternative writ. In other words, it did not appear in the case cited that the petitioner had an adequate remedy except by mandamus.

In the instant case, however, the papers submitted in opposition to the application which resulted in the granting of an alternative order fully disclosed the objection based upon the building zone resolution, as well as the undisputed facts forming the foundation of said objection.

Were it not for the fact that an alternative order of mandamus had previously been granted, this court would hold that the proposed use of the property violates the building zone resolution (*People ex rel. Ventres* v. *Walsh*, 121 Misc. 494) and that, therefore, the application for an order of mandamus should be denied. (*Matter of Dr. Bloom, Dentist, Inc.*, v. *Cruise*, 259 N. Y. 358, 364.) The case of *Bartsch* v. *Ragonette* (123 Misc. 903; affd., 214 App. Div. 799) is distinguishable. The case did not hold that the building zone resolution is inapplicable to the use of unimproved property. It merely decided that a temporary or occasional use of property was not within the purview of that statute.

The contention that the proceeding is defeated by reason of the enactment of chapter 764 of the Laws of 1933 has been passed upon and overruled by the Appellate Division in the case of *Matter of Kenyon* v. *Levy* (240 App. Div. 809).

The application for a final order of mandamus is accordingly granted. Settle order.