THE CITY OF NEW YORK, Plaintiff, *v.* OFF-STREETS PARKING, INC., Defendant.*

Supreme Court, Bronx County, September 4, 1934.

*Paul Windels, Corporation Counsel [Frederick P. Bryan* and *James E. Nickerson* of counsel], for the plaintiff.

*Goldfarb & Fleece [Charles L. Fleece* of counsel], for the defendant.

HOFSTADTER, J. The movant seeks an order enjoining the use by the defendant of vacant land as an open air parking space on the ground that such use is prohibited by article 2, sections 2 and 3 of the Building Zone Resolution.

The decisions in this department do not preclude a determination of the issue now presented. (See *Matter of Monument Garage Company* v. *Levy,* 241 App. Div. 856, affg. 149 Misc. 791; *Fassler* v. *Monument Garage Co.,* 241 App. Div. 856, affg. N. Y. L. J., Special Term, Part I, New York County, Feb, 8, 1934, Mr. Justice McGEEHAN.) These cases, as well as others, involved primarily the issuance of curb cut permits and a definitive ruling on the effect of the zoning law as to the use of unimproved land in a residential zone was not essential to a determination. An affirmance without opinion does not necessarily approve the reasoning of the court below. (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29, 44; *Scott & Co., Inc.,* v. *Scott,* 186 App. Div. 518.)

The question, therefore, may be regarded as an original one and open for this court's determination.

In view of the purposes of zoning resolutions (*Euclid* v. *Ambler Co.,* 272 U. S. 365), it would seem that by the use of the phrase " building or premises " therein, an intention is evidenced to preempt the entire field of the use of land for business purposes within the pre-

---

* Affd., 242 App. Div. 767. See, also, 153 Misc. 510.

scribed areas, whether such land is vacant or improved. In general the term " premises " is synonymous with " land " (*Matter of Vegenas* v. *Kelly*, 122 Misc. 800; *Matter of Cullinan*, 113 App. Div. 485), and a zoning law to be effective should restrict business activities of any nature within the confines of the residential district. (See *People ex rel. Ventres* v. *Walsh*, 121 Misc. 494; *Matter of Borgeaud* v. *Fassler*, 153 id. 546; *Seidman & Sons, Inc.*, v. *Tilrose Camp Operating Co., Inc.*, Id. 510.)

Motion is granted. Settle order.