MAYNARD E. GARDNER, Plaintiff, *v.* BERT H. BENTLEY, Defendant.

Supreme Court, Trial Term, Oswego County, April 22, 1944.

*Richard C. Mitchell* for plaintiff.

*Melvin F. Kinkley* for defendant.

MOREHOUSE, J. This is an action for specific performance brought by Maynard E. Gardner, the plaintiff tenant, against Bert H. Bentley, the defendant landlord, to compel him to convey to the plaintiff certain real and personal property under an option in a lease entered into between the parties on the 17th day of May, 1939. It provided for a stated monthly rental and contained an option to purchase the premises at any time during its duration for the sum of $2,800. The plaintiff, within the period specified, elected to exercise his option, whereupon he was informed by the defendant that the personal property leased was not included in the option.

Prior to and at the time of the inception of the lease, the real property described therein had been occupied by the defendant as a drugstore, and the personal property which was included had been utilized by him in connection therewith. As contemplated by the parties, the plaintiff continued the business and occupied the real estate and used the personal property for the same purposes.

The lease contained detailed terms of the sale of the defendant's business, with part of his stock of merchandise, and included a proviso that the defendant refrain from engaging in competitive business within a radius of twenty-five miles. The description of property in the written lease is as follows: " In Consideration of the rents and covenants hereinafter expressed, the said party of the first part has Demised and Leased, and does hereby demise and lease to the said party of the second part the following premises, viz: The Basement, first floor and second floor of the Bert H. Bentley Block, in the Village of Hannibal, now occupied by a drug store and living quarters, together with all fixtures now on premises, an inventory of the same to be annexed hereto and made a part hereof, excepting such fixtures that now belong to other parties, ie. such ice cream machine and the like." The inventory mentioned is attached to the instrument and lists fixtures and appliances, all of which were appurtenant to a retail establishment and many of them essential to a drugstore only.

The clause granting an option of purchase to the plaintiff, is as follows: " Antime within and during the duration of the herein lease excluding any renewal of the same, the lessee reserves the right an option to buy the above described prem-

ises for the sum of $2800.00 in cash, and the lessor hereby consents and agrees.''

The sole issue presented herein is the breadth of the meaning of the word '' premises '' as used in the foregoing option clause. This must be ascertained from the language itself and the surrounding circumstances as they disclose the intent of the parties. There is no statutory definition of '' premises '' and the word must be construed in the sense which the circumstances indicate the parties intended.

It is the contention of the defendant that the word '' premises '' means land only and may not be applied to personal property. (*Matter of Vegenas* v. *Kelly*, 122 Misc. 800; *Rouse* v. *Catskill & N. Y. Steamboat Co.*, 59 Hun 80; *Pearson* v. *Stamford Petroleum Products Corp.*, 23 N. Y. S. 2d 135, 137.)

The defendant argues that, inasmuch as the lease was prepared by an attorney, the words used must be taken in their technical sense, with appreciation for their exact meaning. This assumption is refuted because it is quite evident that the attorney who prepared this instrument did not confine his use of words to their narrow technical sense. It is noted that in referring to the personal property listed in the inventory attached, the items are described as '' fixtures on premises ''. Fixtures are technically such articles as are affixed to and become a part of the real estate. It is clear from the inventory that the greater part, if not all, of the items listed are not of this character. Inasmuch as in that instance the attorney used the term '' fixtures '' in a loose and general sense, it may be assumed that he also used the term '' premises '' in the same manner.

It is significant that when the lease and option were executed, the defendant was actively conducting a retail drug business in the village of Hannibal, N. Y., and that the plaintiff was to and did succeed him in the enterprise for which he also purchased that part of the merchandise which the defendant did not retain and remove for use elsewhere. The lease covered not only the store building, but also included counters, cabinets, cases and implements of the trade which, with merchandise, were all essential to a continuation of the business. A separate consideration was specified for the merchandise purchased, but no division or allocation of the rental was made between the real estate and the personal property. Their descriptions were combined in the paragraph immediately preceding the option clause.

Bouvier's Law Dictionary (Rawle's 3d Revision) defines " premises " as: " That which is put before. The introduction. Statements previously made. * * * That part of a deed which precedes the *habendum,* in which are set forth the names of the parties with their titles and·additions, and in which are recited such deeds, agreements, or matters of fact as are necessary to explain the reasons upon which the contract then entered into is founded; and it is here, also, the consideration on which it is made is set down and *the certainty of the thing granted."* (Italics supplied.)

In *Steinhardt* v. *Burt* (27 Misc. 782) the court said: " The term premises, in common parlance, is used to signify the land with its appurtenances, but its usual and appropriate meaning in conveyances is the thing demised or granted by the deed." A lease being a conveyance, paraphrased, the court said, but its usual and appropriate meaning in conveyances is the thing demised or *leased by the lease,* which in this instance was the drugstore, constituting both the real and personal property as described.

·In *Proctor Troy P. Co., Inc.,* v. *Dugan Store, Inc.* (191 App. Div. 685, 688) the court said: " The word ' premises ' is an elastic and inclusive term when used with reference to conveyances; in common parlance·it is used to signify lands with its appurtenances. (*New Jersey Zinc Co.* v. *Franklinite Co.,* 13 N. J. Eq. 322.) Premises includes land and everything appurtenant thereto. (*Winlock* v. *State,* 121 Ind. 531; 6 Words & Phrases [1st series], 5511.) In Words and Phrases (Vol. 3 [2d Series], 1144, citing *Merchants Building Imp. Co.* v. *Chicago Exchange Bldg. Co.,* 210 Ill. 26; 71 N. E. Rep. 22; 102 Am. St. Rep. 145) is indicated a reasonable rule of procedure in circumstances like the present. ' The term " premises " may or may not include land, but may be held to mean ˙only the right, title, or interest conveyed; and its exact meaning, when found in contracts and conveyances, must be determined according to the intention of the parties as ascertained from the contract and the facts and circumstances attending its making ' ".

A perfect analogy to the case at bar is found in *Annapolis Co.* v. *Wardman* (41 F. 2d 115) where a deed of trust was given upon " ' real estate and improvements and furniture and fixtures installed and to be installed in said hotel ' " to secure an indebtedness. Upon default, the trustees were empowered " ' to sell said described land and premises at public auction ' ". The court said, " The word ' premises ', used in an instrument of the sort here under consideration, is a comprehensive term,

and to determine the scope of its meaning the sense in which it is used becomes important. Used here in connection with the power of sale vested in the trustees, it must be given a meaning comprehensive enough to embrace the property conveyed in trust to the trustees as security for the payment of the obligation therein assumed. * * * Turning to the property conveyed by the deed of trust, and which was intended as security to assure the discharge of the obligation of the plaintiff company, it will be found to include not only the real estate but the furniture and fixtures contained in the hotel, or that thereafter might be installed therein. Considered, therefore, in the light of the terms of the trust, the word ' premises ' used in the power of sale must be construed as including everything therein conveyed.''

*Rouse* v. *Catskill & N. Y. Steamboat Co.* (59 Hun 80, *supra,* cited by the defendant) was a statutory action subject to the rule of construction that words must be given a precise and limited meaning. *Matter of Vegenas* v. *Kelly* (122 Misc. 800, *supra,* also cited) involved a technical construction of statutory requirements. Both involved the intent of the Legislature, whereas we are presently concerned with the intent of the parties to the lease. The language of the court in *Pearson* v. *Stamford Petroleum Products Corp.* (23 N. Y. S. 2d 135, 137, *supra*) that '' Ordinarily ' premises ' means lands '' does not preclude a broader interpretation. The statement of the court was incidental, and the construction was not essential to the issue.

After a fire which damaged the leased premises, the plaintiff arranged with the defendant for the installation of a new and modern store front, and agreed with the defendant that, if its cost was $900, he would pay an additional $200 for the purchase price, making a total of $3,000. The plaintiff's offer at the time of the exercise of the option was the original $2,800. The record does not show that the cost of the new front was actually $900, and the plaintiff was not bound to increase the original purchase price.

A witness upon the trial, over the objection of the defendant, gave his opinion of the value of the real property at the time of the lease. The defendant's motion to strike out such testimony is granted and it has not been given consideration.

Under the circumstances disclosed by the testimonial and documentary proof in view of the authorities noted, it seems clear that the defendant in his use of the word '' premises '' referred to the real and personal property immediately theretofore '' above described '', and thereby intended to and did

grant the plaintiff an option to purchase all of the property described in the lease and inventory, both real and personal, for the sum of $2,800, and that the plaintiff has duly exercised his option according to the terms of the lease.

The plaintiff is granted relief as prayed for in the complaint, and the defendant's counterclaim for rental is dismissed with costs to plaintiff.