STEINHARDT v. BURT.

(Supreme Court, Appellate Term.   April 21, 1899.)

LANDLORD AND TENANT—COVENANTS—CONSTRUCTION.

A tenant, who leases a front building, and agrees to pay the water tax assessed against "said premises," cannot be charged with the water tax imposed on a rear building, since "said premises" embrace only the building leased.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Benjamin Steinhardt against John F. Burt. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nathaniel Cohen, for appellant.

J. C. Julius Langbeim, for respondent.

LEVENTRITT, J.   The plaintiff seeks to recover for moneys claimed to have been expended for the account of the defendant.   A lease was executed between the parties, whereby the plaintiff, as landlord, demised to the defendant "the corner building known as '3683 Third Avenue' in the city of New York, consisting only of the cellar, store, and floor above, being known as the 'Front Avenue Building,' and does not include rear, or any premises in rear, of said front building."   The lease contains, among others, the following covenant: "The tenant shall pay the Croton water rent which shall be assessed on said premises, when due, and, on his failure to pay, the same shall become due on his next month's rent."   Under this covenant, the plaintiff claims the right to hold the defendant for the water rents of the entire premises, including front and rear buildings, while the defendant, having paid the rent for the front building, contends that he has discharged his entire liability.   The obvious intention of the parties, as disclosed by the lease, supports the defense.   The term "premises," in common parlance, is used to signify the land, with its appurtenances; but its usual and appropriate meaning in conveyances is the thing demised or granted by the deed.   19 Am. & Eng. Enc. Law, 4;  New Jersey Zinc Co. v. New Jersey Franklinite Co., 13 N. J. Eq. 331.   The "said premises" referred to in the covenant embraced only the front building, and the defendant could not, under the lease, be charged with the water tax imposed upon the rear building, which was not demised to him.   The judgment should be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.