### In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

1. STIPULATIONS—MATTERS SUBJECT TO STIPULATIONS—MATTERS OF LAW.
   A stipulation between parties as to the law governing this dispute will be given effect.

   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Stipulations, § 2.]

2. SAME—CONSTRUCTION AND OPERATION.
   Liquor Tax Law, Laws 1897, p. 225, c. 312, § 24, subd. 1, prior to the amendment made by Laws 1905, p. 145, c. 104, made it unlawful to traffic in liquor within one-half mile of the building and "premises" of any state hospital, and the amendment added the words "or lands" after the word "premises." On a petition for the cancellation of a liquor tax certificate it was stipulated that defendant, prior to the amendment, had been legally selling liquor at the place in question. Held, that "lands" was synonymous with "premises," and in view of the stipulation there could be no cancellation of the certificate, whether defendant was carrying on his business within one-half mile of lands owned and used by a state hospital and contiguous to it, or within one-half mile of the buildings, or not.

Appeal from Special Term, Suffolk County.

Petition by Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling the liquor tax certificate issued to Julius N. Burr. From an order canceling the certificate, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Rowland Miles, for appellant.

S. B. Mead, for respondent.

HOOKER, J.   That parties may stipulate what the law is that governs their dispute, as well as what the facts are from which it arises, cannot be doubted; and the courts should and will give as complete effect to the former as to the latter class of stipulations. The eleventh paragraph of the stipulation upon which this proceeding was submitted states that the defendant is, and has been for 20 years last past, the owner of the premises where liquor is sold under the liquor tax certificate by this proceeding sought to be canceled, and that on such premises there is a building which has been used by the defendant and his predecessors as a hotel, in which liquor "has been legally sold continuously, without interruption, for a period of more than 40 years." It is our view that, if the sale of liquor was legal during the time referred to in the stipulation, it was legal at the time of the institution of this proceeding. It is the contention of the petitioner that the amendment of the Liquor Tax Law (chapter 29, Gen. Laws) made by chapter 104, p. 145, of the Laws of 1905, was such as no longer to allow the lawful sale of liquor on the defendant's premises, described in the petition and mentioned in the eleventh paragraph of the stipulation.

Section 24, subd. 1, of the Liquor Tax Law (Laws 1897, p. 225, c. 312) prior to the amendment of 1905, provided:

"Traffic in liquor shall not be permitted: (1) In any building or upon any premises established as a penal institution, protectory, industrial school, asylum, state hospital, colony or institution established for the care or treatment of epileptics, or poorhouse, and if such building or premises, other than a county jail or state prison, be situated in a town and outside the limits of an incorporated village or city, not within one-half mile of any building or premises so occupied, provided there be such distance of one-half mile between such building and premises, and the nearest boundary line of such village or city."

As amended by chapter 104, p. 145, of the Laws of 1905, the subdivision reads:

"(1) In any building or upon any premises *or lands* established as a penal institution, protectory, industrial school, asylum, state hospital, *state agricultural and industrial school*, colony or institution, established for the care or treatment of epileptics, or poorhouse, and if such building, premises *or lands*, other than a county jail or state prison, be situated in a town and outside the limits of an incorporated village or city, not within one-half mile of any building, premises *or lands* so occupied, provided there be such distance of one-half mile between such building, premises and lands and the nearest boundary line of such village or city."

It is to be seen that, aside from the added reference to the state agricultural and industrial school, the only change in the subdivision is the addition of the words "or lands" after the word "premises" in three places. The incorporation of the term "lands" into the phraseology of the section, however, does not extend its meaning; for "premises" and "lands" are synonyms. If there is a distinction, it is that the word "premises" is the more inclusive. Bouvier and Worcester define the latter as "lands and tenements"; the Century Dictionary as "lands and houses or tenements"; and the Standard as "land or lands; land with its appurtenances, as buildings." It matters little, therefore, whether defendant's hotel, where he sells liquor, is within or without the half-mile limit. If his traffic in liquor was lawful before the amendment of 1905, and the stipulation says it was, it is now lawful, no matter whether he is within a half mile of any of the buildings of the Long Island State Hospital, or only within a half mile of contiguous land owned and used by it.

The order must therefore be reversed, with costs. All concur.