(54 Misc. Rep. 352)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Suffolk County. May, 1907.)

1. INTOXICATING LIQUORS—SALES—PROHIBITED LOCALITIES.

Under Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, as amended, providing that traffic in liquor shall not be permitted within a half mile of any building, premises, or lands occupied as a state hospital, such a sale is prohibited within the specified distance from lands belonging to a state hospital, and contiguous to it, and used for farming purposes.

2. SAME—POLICE POWER.

A saloon keeper has no vested rights in a liquor traffic which cannot be controlled or prohibited by the police power of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 4.]

Petition of Maynard N. Clement, as state commissioner of excise, for an order revoking a liquor tax certificate issued to Joseph H. Brady. Application granted.

H. H. Kellogg, for petitioner.
Joseph M. Belford, for respondent.

CRANE, J. There can be no question but what the saloon of Joseph H. Brady is within a half mile of the lands of the Long Island State Hospital at Kings Park. Subdivision 1 of section 24 of the liquor tax law (Laws 1896, p. 66, c. 112, as amended), provides that traffic in liquor shall not be permitted within a half mile of any building, premises, or lands occupied as a state hospital. I do not see how the words "building, premises, or lands" can be confined to the grounds upon which the buildings stand. It must include such contiguous property and premises as are used by and belong to the institution, and would include that portion of the premises from which measurements were made in this case, used and cultivated for garden truck.

The tax cases cited by defendant's counsel are not applicable, for the reason that the words of the exempting statutes exclude buildings and premises not exclusively used for purposes stated, and also because such statutes are to be construed very strictly against exemptions from taxation, while the liquor tax law is to be construed liberally in favor of those institutions, like churches, schools, and state buildings, which are permitted to be a certain distance away from liquor selling.

Neither has the defendant any vested right in the liquor traffic which cannot be controlled or prohibited by the police power of the state.

"The police power of the state," says Mr. Justice Field in Crowley v. Christensen, 137 U. S. 91, 11 Sup. Ct. 15, 34 L. Ed. 620, "is fully competent to regulate the business, to mitigate its evils, or to suppress it entirely. The manner and extent of regulation rests in the discretion of the governing authority. It is a matter of legislative will only." The Legislature could suppress the liquor traffic altogether, and then the defendant would be obliged to close his place, although his reasons and arguments advanced now would be equally applicable. Likewise the Legislature can regulate the traffic by prohibiting the sale within half a mile of state grounds, and the defendant must submit to the uncertainties and chances of this particular kind of business.

The case of Matter of Cullinan (Rum Certificate), 113 App. Div. 485, 99 N. Y. Supp. 374, simply passes upon the effect of a stipulation made by attorneys, and does not touch the main question.

Application to revoke license granted.