In the Matter of the Application of ANDRE BORGEAUD, Petitioner, for a Peremptory Order of Mandamus against SAMUEL FASSLER, Commissioner of Buildings of the City of New York, Respondent.

Supreme Court, New York County, August 17, 1934.

*Julien, Giller & Stein,* for the petitioner.

*Paul Windels, Corporation Counsel,* for the respondent.

BLACK, J.   The petitioner seeks a peremptory order of mandamus commanding the respondent, commissioner of buildings, to issue a permit to cut the curb to make a carriageway across the sidewalk in front of the premises known as No. 91 Thayer street, in the borough of Manhattan.   The petitioner wishes to conduct an open-air garage and parking space for automobiles.   No claim is made that the property is to be used temporarily for this purpose.   The property is located in a residence district.

The respondent has refused to issue the permit on the ground that such a use of the property would be a violation of and render nugatory the building zone resolution adopted by the board of estimate and apportionment.

The right to regulate and restrict the location of industries and trades and the location of buildings designed for specific purposes is conferred upon the board of estimate and apportionment by section 242-b of the Greater New York Charter (as added by Laws of 1914, chap. 470, as amd. by Laws of 1924, chap. 295, § 2).   In accordance with the power thus conferred upon it, the board has passed what is known as the building zone resolution and divided the city into districts for the purpose of regulating and restricting the location of trades and industries and buildings.   Article 2, section 2, of the zone resolution provides as follows: " No building or premises shall be erected or used for any purpose other than a purpose permitted in the use district in which such building or premises is located."

The business in which petitioner wishes to engage is not one permitted in a residence district.   The petitioner cites numerous cases which have been passed upon by this court and the Appellate Division of this and the Second Department, in which alternative orders of mandamus were granted and the questions of fact resolved in favor of the relators.   In the case at bar it is admitted there is on question of fact involved.   The petitioner argues that the zoning

resolution does not apply to vacant land and that the only duty the commissioner of buildings has is to see that the curb cut is properly made and that it does not become dangerous to pedestrians.

A peremptory order of mandamus will not issue to compel a public officer to do an illegal act or to violate a rule which has the effect of law. (*Matter of Dr. Bloom, Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358.) In my opinion the building zone resolution applies to both improved and unimproved realty. The word " premises " often means the land. (See *Steinhardt* v. *Burt,* 27 Misc. 782; *Matter of Cullinan* [*Burr Certificate*], 113 App. Div. 485.) To hold that the building zone resolution does not apply to unimproved property would render the resolution a nullity and permit the carrying on of a trade or industry on vacant land in a restricted district which would not be permitted if carried on in a building in the same district.

The business of conducting open-air garages or parking spaces for profit is a recent innovation in city life. However desirable these parking spaces may be in a congested business district in helping to relieve street traffic, they should not be permitted to invade residential districts and depreciate the value of residential property. People who have bought homes or leased apartments in residential districts relying upon the building zone resolution are entitled to enjoy the use of their property or apartments free from the noise and annoyance incidental to the business of an open-air garage and parking space. In my opinion the petitioner has not shown that he has a clear and unquestioned legal right to the remedy he seeks, nor has he shown that the respondent acted in an arbitrary or capricious manner.

The motion for a peremptory order of mandamus is denied, with fifty dollars costs to the respondent.