Isadore E. Black et al., Doing Business as Maryta Realty Corp., Landlords, *v.* General Wiper Supply Co., Inc., et al., Tenants.

Municipal Court of the City of New York, Borough of Queens, June 18, 1951.

*Isidore Minkin* for landlords.

*Victor Konow* for tenants.

Crawford, J. This is a summary proceeding wherein the petitioners, landlords, seek to recover rent for the month of January, 1951, plus a charge for the use of the sewer situated in front of and adjacent to the landlords' property, together with a claim for the reasonable cost of compliance with an order of the New York Board of Fire Underwriters, all alleged to be due from the tenants pursuant to the provisions of a written lease between the parties, dated November 18, 1948, effective March 1, 1949, and ending March 1, 1969. The premises involved is commercial space in an entire building situated in Long Island City and used for the business of an industrial and commercial

laundry. Inasmuch as the claim for the January rent was amicably adjusted before trial, the proceeding resolves itself down to the right of the landlords to recover from the tenants the amount of the sewer rent or charge and the claim for repairs, both as additional rent.

The lease contains a clause similar in form to that contained in commercial leases with reference to payment of water rent or water charges made for metered water. Section 82d9–9.1 of the Administrative Code of the City of New York as enacted in 1950 (Local Laws, 1950, No. 67, of the City of New York) provided for the so-called sewer rent or charge payable to the City of New York for the use of the sewer system owned, operated and maintained by the city as part of the public sewer system.

The landlords urge that the water clause in the lease is broad enough, per se, to include the '' sewer rent,'' for by its terms it is only an extension of the charge for water; that water charges and water rents were both integral parts of the burden laid on water consumption and that the tenants as a matter of law, are liable therefor. The tenants contend that the language of the water clause is clear and unambiguous and that the lease was prepared by the landlords two years prior to the passage of the legislation establishing the sewer rent or charge and was not within the contemplation of the parties at the time. Furthermore, the language of the Administrative Code provides for payment by the owner of the real property connected with the sewer system. I agree with the tenants' position. I am of the opinion that in view of the clear-cut language of the applicable section and the absence of any specific agreement by the tenants to pay the sewer rent or charge, there is no liability on the part of the tenants to pay.

With reference to the landlords' claim for the cost of compliance with the order of the Board of Fire Underwriters, I am of the opinion that parol testimony was permissible to clarify the intention of the parties in view of the ambiguities in paragraph No. 4, and that it was the intention of the parties that the liability for then existing defects was on the landlords and for future defects on the tenants. (The objections by the landlords to the parol testimony, on which decisions were reserved are overruled with appropriate exceptions.) Accordingly, the landlords having failed to sustain the burden of proof of the allegations of the petition with reference to the claims for additional rent for sewer rent and compliance repairs, on the law and facts the tenants are entitled to a dismissal of the petition. Final order accordingly.