THOMAS VALENTI, Plaintiff, *v.* TEPPER FIELDS CORPORATION, Defendant.

First Department, June 11, 1953.

*Edward Friedman* for plaintiff.

*Warren L. Schnur* for defendant.

COHN, J. On January 21, 1946, plaintiff, as landlord, entered into a written lease with defendant, as tenant, of a building located in the city of New York for use as a factory to manufacture plastic materials. The term was for five years com-

mencing January 1, 1946, and ending December 31, 1950. The tenant vacated the premises at the expiration of the term.

This controversy presents two issues (1) whether the tenant is required to pay sewer charges under paragraph " Second " of the lease and (2) whether the tenant is required to pay increased fire insurance premiums resulting from tenant's use of the factory under paragraph " Thirteenth ".

Paragraph " Second " provided that the tenant was to pay all charges of water during the demised term, in accordance with bills produced from the municipal authority and if not so paid that the said charges should be added to the rent due or to become due.

While the lease was in effect, a law was passed by the City of New York known as Local Law No. 67, effective July 1, 1950, which levied a sewer rent equivalent to one third of the amount charged for water consumed in the premises. The water used in the building is metered and the sewer rental charge was made part of the water bill. During the term of the lease and subsequent to the enactment of the local law, the municipal authority rendered a bill for water charges and sewer rent based upon the amount of water used by the tenant in the demised premises. The lease made no provision with respect to payment of the sewer rent. The charge for the use of the sewer was $561.90. Defendant tenant has disclaimed liability for payment.

The landlord contends that with the passage of the local statute, which imposed a charge for sewer rent, the obligation for payment thereof is the responsibility of the tenant under the lease, for these two reasons: (1) the tenant is the user of the water and is primarily liable for such use; (2) under the applicable provision of the lease, liability for " charges of water " during the term of the lease in accordance with bills produced from the municipal authority is imposed on the tenant and the charge for use of the sewer comes within that provision.

It is our opinion that the tenant is not liable for the sewer charge. The statute imposing sewer rent (Administrative Code of City of New York, § 82d9-9.1, subd. b) provides that the owner of any parcel of real property connected with the sewer system shall pay a sewer rent or charge for use of the sewer system. The burden of the charge thus falls directly on the owner and he must pay it unless there be some specific agreement under the lease that the tenant pay. The pertinent portion

of the agreement between the parties required the tenant: "Second: To pay whenever called upon all the charges of water, during the term of this lease, in accordance with the bills produced from the Department of Water Supply, Gas and Electricity, or other Municipal Authority, and if not so paid, the same shall be added to the rent due or to become due." It made no specific provision for payment of sewer charges and an obligation on the part of defendant to pay cannot be inferred from any provision of the lease. "The law is well settled that changes in a lease are not to be presumed or implied; and no additional liability will be imposed upon a tenant unless it is clearly within the provisions of the instrument under which it is claimed. If the instrument contains any ambiguity it must be reserved against the landlord and in favor of the tenant [cases cited]." (*455 Seventh Ave.* v. *Hussey Realty Corp.,* 295 N. Y. 166, 172, DYE, J.)

Obviously, the parties did not have the question of imposition of a sewer charge in mind when they entered into the lease. However, the statute as enacted directs payment of the charge for use of the sewer directly upon the owner of the real property. In the absence of any specific agreement by the tenant to pay the sewer charge, there is no liability on its part to pay. (*Black* v. *General Wiper Supply Co.,* 200 Misc. 516, affd. 200 Misc. 834, revd. on other grounds 280 App. Div. 807 [2d Dept.] the court there holding that tenant may not be required to pay sewer rent charges as part of rent when there is no covenant to that effect in the lease.) This determination of the Appellate Division has now been affirmed by the Court of Appeals (305 N. Y. 386). The court in an opinion by FULD, J., made the following pertinent statement: "Unquestionably aware that owners of realty generally paid for sewer upkeep and improvement, the parties entered into this lease without providing that any part of this burden should fall upon the tenants. Quite obviously, such an omission suggests that the landlord was to bear the responsibility for all property taxes and special assessments levied to maintain and improve the sewer system. None would challenge that, since ' the lease contained no provision with reference to the payment of taxes that might be imposed upon the property * * *, the burden of their payment remained on the landlord.' (*New York University* v. *American Book Co.,* 197 N. Y. 294, 296, 297; see, also, *Spoor-Lasher Co.* v. *Newburgh Gas & Oil Co.,* 269 N. Y. 447, affg. 245 App. Div. 329; *People ex rel. International Navigation Co.* v.

*Barker,* 153 N. Y. 98, 101; 1 Rasch, Landlord and Tenant and Summary Proceedings [1950], p. 288.) By not providing otherwise, the parties, we may conclude, manifested their purpose that the landlord, not the tenants, should pay for the maintenance and betterment of the disposal system."

As to the other question concerning increased fire insurance premiums, paragraph " Thirteenth " of the lease provides: " No Lessee shall do or permit anything to be done in said premises, or bring or keep anything therein, or permit anything to be brought or kept therein, which shall in any way increase the rate of fire insurance on said building, * * * nor suffer or permit their use for any business of such a character as to increase the rate of fire insurance on said building * * * greater than the rate existing on May 31, 1943."

The rate of fire insurance on May 31, 1943, which is the date fixed by the lease for determination of this question was .849 for each hundred dollars. It is agreed on this submission that the increase of insurance rates was attributable to the character of the business conducted by the tenant on the demised premises, the business being that of a manufacturer of plastic sheetings. The amount of the added premiums thus resulting is $822.46.

The tenant argues that paragraph " Thirteenth " created no liability on its part to pay for the increase in fire insurance rates; that the lease provision makes no requirement for payment.

Paragraph " Thirteenth " of the lease is instinct with an agreement by the tenant to pay the increased cost of the fire insurance premiums. The law implies a promise by defendant to meet this obligation; otherwise, the clause would be meaningless and ineffectual. (*Wood* v. *Duff-Gordon,* 222 N. Y. 88, 90, 91.)

However, it is not necessary for the landlord to rely on an implied promise. An express agreement by the tenant to assume this burden is contained in the contract. Paragraph " Fifteenth " of the lease reads as follows: " The charges for water, as well as any and all expense incurred by the Lessor in consequence of any default on the part of the Lessee in respect to any of the covenants required to be performed on the part of the Lessee shall be added to and become part of said rent, and be collected therewith, and in the event of the failure of the Lessee to pay the same, or any part thereof, the Lessor shall have the same remedies against the Lessee by way of summary proceedings or otherwise, as in case of non-payment of rent."

Upon a fair reading of paragraphs " Thirteenth " and " Fifteenth " of the lease, the tenant obligated itself to pay any fire

insurance premium in excess of the rate existing on May 31, 1943.

The landlord is entitled to judgment upon the insurance claim for the sum of $822.46, with interest from December 12, 1950, together with costs. As to the claim for sewer charges, for reasons heretofore stated, the tenant is not liable thereon and such claim should be dismissed. Settle order.

PECK, P. J., DORE and CALLAHAN, JJ., concur.

Judgment directed in favor of the plaintiff landlord upon the insurance claim for the sum of $822.46, with interest from December 12, 1950, together with costs. As to the claim for sewer charges, for reasons stated in the opinion herein, the tenant is not liable thereon and such claim is dismissed. Settle order on notice.