Donald S. Taylor, J.
The plaintiff sues to recover an installment payment of rent due April 1, 1958 under the provisions of a written agreement entered into by the parties on September 30, 1957. It moves to strike the amended answer pursuant to rule 104 of the Rules of Civil Practice. Since the pleading contains a counterclaim, this rule does not apply. (Cwanek v. Kopnak, 3 A D 2d 645, appeal dismissed 2 N Y 2d 931.) The parties, however, seem to have concurred in a procedural variance and regard the motion as one for summary judgment. (Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44.) The motion is granted.
The denials of the amended answer are transparently frivolous and create no triable issue. The first separate defense and counterclaim were abandoned on the oral argument. The *796 remaining defenses and counterclaim are insufficient to defeat plaintiff’s cause of action. (Rubin v. Irving Trust Co., 305 N. Y. 288, 306; Curry v. Mackenzie, 239 N. Y. 267, 270; Gribbin v. Mygatt, 281 App. Div. 1034, affd. 306 N. Y. 931; Esteve v. Abad, 271 App. Div. 725; Gramatan Nat. Bank & Trust Co. of Bronxville v. Mondoux, 153 N. Y. S. 2d 932.)
The instrument in question clearly and unambiguously expresses the purpose of the parties and is not subject to variance by parol to imply a contrary intent on the part of one of them. Its covenant against encumbrances, authored by and inserted in the instrument at the instance of the defendant, was not breached by a subsequently executed mortgage covering the demised premises. (Black v. General Wiper Supply Co., 305 N. Y. 386; Raleigh Associates v. Henry, 302 N. Y. 467, 476; Fogelson v. Rackfay Constr. Co., 300 N. Y. 334, motion for reargument denied 301 N. Y. 552; 455 Seventh Ave. v. Hussey Realty Corp., 295 N. Y. 166, 172; Simon v. Davenport Estates, 283 App. Div. 734; Valenti v. Tepper Fields Corp., 282 App. Div. 212.) Any claim that the assignment by the plaintiff of the rents provided by the lease as further collateral security for the payment of the obligation originally secured by the mortgage is dissipated, at least in respect to the installment payment here sued for, by the consent of the mortgagee bank that such be made to plaintiff.
Accordingly, the amended answer is stricken and judgment may be entered in favor of the plaintiff against the defendant for the sum of $5,000 with interest at the rate of 6% per annum from April 1, 1958, together with taxable costs.
Submit order accordingly.
The papers will be forwarded with the signed order.