Before STATE INDUSTRIAL BOARD, Respondent.

MAUD HOUSLER ANDRESS, Respondent, *v.* ART METAL CONSTRUC-
TION COMPANY and Another, Appellants.

Third Department, September 25, 1925.

**Workmen's compensation — hearing — failure of employer to file notice
of controversy under Workmen's Compensation Law, § 25, does not
bar it from right to be heard in death case — said section does not relate
to death case.**

It was error for the referee to refuse to permit the employer to be heard in pro-
ceedings to fix compensation in a death case on the ground that the employer
had not filed a notice of controversy as required by section 25 of the Work-
men's Compensation Law, for that section does not deny the employer the
right to be heard for failure to file the notice.

Furthermore, section 25 of the Workmen's Compensation Law does not apply
to death cases.

APPEAL by Art Metal Construction Company and another from
an award of the State Industrial Board, made on the 8th day of
October, 1924.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the
appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

HINMAN, J.:

The accident happened and death resulted on August 6, 1924.
Upon the hearing in this death case the referee ruled that because
the employer and carrier had failed to file with the State Industrial
Board a certain form known as " Notice of Controversy " referred
to in Workmen's Compensation Law, section 25 (as amd. by Laws
of 1915, chap. 167; Laws of 1919, chap. 629; Laws of 1921, chap.
540; Laws of 1922, chap. 615), said employer and carrier waived
all rights thereby to contest the claim and that the only question
in the case was the claim of dependency. The objections raised
upon the hearing were that death was the result of natural causes
and not connected with an accidental injury and that claimants
were not dependents. The employer and carrier have by this
ruling been denied an opportunity to be heard and to present
evidence or otherwise controvert the claim.

Section 25 of the Workmen's Compensation Law is a long section
referring generally to the methods of payment of compensation.
It is the expressed purpose of the section to require prompt pay-
ment of compensation if the employer or carrier does not controvert

" the injured workman's " right thereto.   In that event (as the statute read at the time)* the employer or carrier is directed to begin paying compensation " either on or before the twenty-fifth day after disability, or within fifteen days after the employer first has knowledge of the alleged accident." The section further provided: " In case the employer decides to controvert the right to compensation he shall, either on or before the twenty-fifth day of disability or within ten days after he has knowledge of the alleged accident, file a notice with the Commissioner, on a form prescribed by him, that compensation is not being paid, giving the name of the claimant, name of the employer, date of the alleged accident and the reason why compensation is not being paid." Nowhere do we find any expression in this section or anywhere in the statute in question which warrants the ruling of the referee that failure to file such notice of controversy is a waiver of the right to be heard. Certain penalties are imposed by this section for failure to make payments of compensation after the same became due, unless such default is excused by the Board. No penalty is prescribed for failure to file the notice of controversy. Moreover this same section expressly provides that " No case shall be closed without notice to all parties interested and without giving to all such parties an opportunity to be heard." Similarly, in section 20 of the Workmen's Compensation Law, dealing with the determination of claims, it is expressly provided: " Upon a hearing pursuant to this section either party may present evidence and be represented by counsel." The purpose of section 25 (*supra*) in providing for the filing of a notice of controversy was to expedite the trial of the cases, but the remedy of the Board is to require the filing of the notice or its equivalent, not to declare a forfeiture not fixed by the statute. In section 18 of the statute the failure to give notice of injury or of death is expressly made a bar to any claim, unless such failure is excused by the Board or unless the objection is waived by failure to raise it on the hearing. So, too, in section 28 of the statute it is provided that failure to file a claim within one year shall bar the right to claim compensation unless waived by failure to raise the objection on the hearing. Section 13 of the statute provides that a claim for medical or surgical treatment shall not be valid and enforcible unless within a specified time the physician furnish a report of injury and treatment on a form prescribed by the Industrial Commissioner. The Legislature has thus been careful to declare the forfeiture when the intention so to do existed.

Moreover, the provision in question relates directly to disability

---

* Since amd. by Laws of 1925, chap. 657.— [Rep.

claims. The language used is not adaptable to death claims. The statute does not contemplate that, in a death case, the dependents shall be paid prior to the making of an award. The requirement to begin paying compensation within a certain time or to file notice of controversy is figured from the date that " *disability* " began or from the date that the employer had knowledge of the alleged " *accident.*" *Death* of the injured employee is not mentioned. It is the " injured workman's right to compensation " which is to be recognized before award, by beginning to pay compensation, if that particular right is not controverted.

It is apparent that the referee was in error in his interpretation of the section in question and has by his ruling prejudiced the substantial rights of the employer and carrier by depriving them of the opportunity to be heard, contrary to the statute.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.