In the Matter of DR. BLOOM DENTIST, INC., Respondent, against MICHAEL J. CRUISE, as Clerk of the City of New York, Appellant.

(Submitted June 2, 1932; decided July 19, 1932.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly, Henry J. Shields* and *Benjamin Millstein* of counsel), for appellant. The petitioner is bound by the rules of the Board of Regents with regard to dental advertising. (*Matter of Lewis* v. *Harlem Dental Co.*, 189 App. Div. 359; *Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154; Education Law, § 1313, subd. B, par. 4; *Schwab* v. *Potter Co.*, 194 N. Y. 409; *Hamilton* v. *Dillin*, 21 Wall. 73.) The petitioner's electric signs violate the rules of the Board of Regents with regard to dental advertising. (*Metzroth* v. *City of New York*, 241 N. Y. 470; *Mc Nulty* v. *Ludwig & Co.*, 153 App. Div. 206; *World's Dispensary Medical Assn.* v. *Collier*, 86 Misc. Rep. 217; *Ewald* v. *Medical Society*, 144 App. Div. 82; *Buffalo Assn. of Fire Underwriters* v. *Noxsel-Dimick Co.*, 141 Misc. Rep. 332.) The petitioner has no clear legal right to an order of mandamus. (*Matter of Spanhake* v. *Teachers' Retirement Board*, 224 App. Div. 75; 249 N. Y. 605.)

*John J. Bennett, Jr., Attorney-General* (*Sol Ullman* and *Ernest E. Cole* of counsel), for Board of Regents, *amicus curiæ*. The rules governing dental advertising were adopted for the purpose of maintaining proper profes-

sional standards and for the protection of the public against unscrupulous practitioners. (*People* v. *Griswold*, 213 N. Y. 92; *Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244; *People* v. *Woodbury Dermatological Inst.*, 192 N. Y. 454; *Matter of Lewis* v. *Woodbury Dental Parlors Co.*, 106 Misc. Rep. 78; *Matter of Lewis* v. *Harlem Dental Co.*, 189 App. Div. 359; *Matter of Co-operative Law Co.*, 198 N. Y. 484; *Brooks* v. *State*, 146 Ala. 153; *Griffin* v. *Powers*, 152 Tenn. 55; 275 U. S. 495; *People* v. *Hewson*, 224 N. Y. 136.) The power vested in the city clerk by the city charter authorizes him to refuse to issue a permit to erect a sign, if the sign would constitute a violation of law. (*Matter of State of New York*, 207 N. Y. 582; *Matter of Thurber*, 162 N. Y. 244; *Jenkins* v. *Putnam*, 106 N. Y. 272; *Matter of Ormsby* v. *Bell*, 218 N. Y. 216; *People ex rel. Schwab* v. *Grant*, 126 N. Y. 473; *Matter of Barresi* v. *Biggs*, 203 App. Div. 2; *Matter of Davis* v. *Sexton*, 211 App. Div. 233.)

*David Goldstein* and *Thomas G. Frost* for respondent. Petitioner's right to the issuance of an order of peremptory mandamus is governed exclusively by the provisions of section 215 of article 16 of chapter 23 of the Code of Ordinances of the City of New York. (*Cooke* v. *State Nat. Bank*, 52 N. Y. 106; *Matter of Smith*, 90 Hun, 577; *People* v. *Gowasky*, 244 N. Y. 451; *People* v. *Supervisors of Otsego County*, 51 N. Y. 406; *Matter of O'Rourke*, 30 N. Y. Supp. 375; *City of Buffalo* v. *Kellner*, 90 Misc. Rep. 416; *People ex rel. Stevens* v. *Hayt*, 66 N. Y. 606; *Lang's Creamery, Inc.*, v. *City of Niagara Falls*, 251 N. Y. 343; *Matter of Picone* v. *Commissioners of Licenses*, 241 N. Y. 157; *Matter of Heeran* v. *Scully*, 254 N. Y. 344; *Matter of McCabe* v. *Voorhis*, 243 N. Y. 411; *Matter of Walker*, 84 Misc. Rep. 118; *Wilbur* v. *United States*, 281 U. S. 218; *State* v. *Chapman*, 67 Ohio St. 1; *People* v. *Walker*, 247 N. Y. 331; *People* v. *Perry*, 13 Barb. 206; *People* v. *Maher*, 141 N. Y. 337; *People* v. *Green*, 50

How. Pr. 503.) The Board of Regents in the exercise of the limited police powers committed to them have no right to bar the use of illuminated signs on either ethical or æsthetic grounds. (*City of St. Louis* v. *King*, 126 S. W. Rep. 495; *Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173; *Czarra* v. *Medical Supervisors*, 25 Dist. of Col. App. 443; *Merkel* v. *Paschkes*, 123 Misc. Rep. 203; *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 548; *Commonwealth* v. *Boston Advertising Co.*, 88 Mass. 352; *Wilmington* v. *Turk*, 129 Atl. Rep. 519; *Anderson* v. *Shackelford*, 74 Fla. 36; *Pittsburgh Poster Ad. Co.* v. *Swiss Valeborough*, 70 Penn. Sup. Ct. 228; *Illinois Life Ins. Co.* v. *Chicago*, 244 Ill. App. 185; *Bryan* v. *City of Chester*, 212 Penn. St. 259; *Haller Sign Works* v. *Physical Culture School*, 249 Ill. 436; *State* v. *Whitlock*, 149 N. C. 542; *Matter of Melita* v. *Nolan*, 126 Misc. Rep. 347; *City of Utica* v. *Hanna*, 202 App. Div. 610; *Dowsey* v. *Village of Kensington*, 257 N. Y. 231; *People* v. *State Tax Comm.*, 206 App. Div. 549; *Bleinstein* v. *Donaldson Lithographing Co.*, 188 U. S. 239; *Rhrstrat* v. *People*, 185 Ill. 133; *Bostock* v. *Sams*, 95 Md. 400.)

O'BRIEN, J. The petition and the opposing affidavit both allege that respondent, which operates as a dentist, is a corporation. By judicial dictum, a corporation may not practice dentistry (*Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244, 246; *Matter of Co-Operative Law Co.*, 198 N. Y. 479, 484), but the more recent legislative assumption seems to be the opposite (Education Law, Cons. Laws, ch. 16, § 1313, subd. B-4). The allegation that petitioner was duly incorporated to engage in the practice of dentistry prior to January 1, 1916, is not denied. For the purpose of this appeal, therefore, petitioner may be assumed to have been regularly organized, to have lawfully practiced and by such conduct to have incurred no penalty as for a misdemeanor (Education Law, § 1313, subd. B-4). It made application to and received the approval of the Superintendent of Buildings and the Commissioner of

Water Supply, Gas and Electricity for two electric advertising signs to be erected by it on a building situated at Third avenue and Forty-second street in New York city. The dimensions of one sign are six feet two inches square and of the other seven feet square. The photographs in the record show that on each sign are displayed in extremely large letters the words, " Dr. Bloom Dentist." Beneath that legend a minute scrutiny reveals, in diminutive type, the abbreviation " Inc." On one sign under the dimly discernible corporate insignia is the direction in large legible letters, " Entrance on Third Ave.," and on the other, in the same relative space, " Entrance," and the figure of a pointing hand. After approval by the two officials above mentioned, petitioner made application to the City Clerk for a permit, but was met by refusal. The ordinance under which the parties acted is section 215, chapter 23, article 16 of the Code of Ordinances of the City of New York which is thus expressed: " All permits for illuminated signs shall be issued by the City Clerk, upon application therefor, approved by the Commissioner of Water Supply, Gas and Electricity and the Superintendent of Buildings in the case of electric signs." Two questions are presented: Has petitioner shown a clear legal right to a permit? Is a mere ministerial duty cast by this ordinance upon the City Clerk to issue a permit or is he vested with some measure of discretion to refuse?

Section 51 of the Education Law confers upon the Regents of the University of the State of New York the power to supervise the practice of dentistry, and section 1313, subdivision B-4, thereof provides that legally incorporated dental corporations existing and in operation prior to January first, nineteen hundred and sixteen, may continue so operating and that " their advertising shall be subject to the rules of the Regents." Among the rules promulgated by the Regents and stated therein as considered to be unprofessional and objectionable in the

practice of, dentistry are: " 1. Any advertising statements of a character tending to deceive or mislead the public. * * * 4. Advertising by means of large display, glaring, illuminated or flickering light signs."

The State's power to establish reasonable standards for admission to practice a profession is undoubted. (*Dent* v. *West Virginia*, 129 U. S. 114; *Douglas* v. *Noble*, 261 U. S. 165; *Graves* v. *Minnesota*, 272 U. S. 425.) We conclude that reasonable supervision after admission is likewise a lawful exertion of sovereignty. Protection of the public against such deceit by practitioners as tends to mislead is in the nature of a defense against fraud and may be reckoned among the important functions of government. A corporation exhibiting a sign upon which is flaunted the name of an individual and below which is inscribed a corporate symbol in characters so inconspicuous as nearly to reach the point of concealment may be held to utter an advertising statement of a nature tending, at the least, to deceive or mislead the public. " The form of type and other devices may bring about that result * * *. By such and other devices the advertisement is calculated to deceive the public." (*People* v. *Hewson*, 224 N. Y. 136, 139.) In seeking and obtaining professional assistance of any kind each member of the public is entitled to know whether he deals with a corporation or an individual. When the corporate character of an organization practicing dentistry is hidden or when it can be detected only by a precise and detailed investigation there is always a strong tendency to deceive and mislead and in many instances actual deception results. Not only is the Board of Regents, as head of the educational system of the State, the statutory guardian of the policies of the State in relation to curbing deception or fraud by those subject to its supervision (Education Law, § 46), but its specific supervisory powers over the practice of dentistry (Id. § 51) enable it, within reasonable limits, to prescribe canons by which conduct deemed by

it, in the exercise of fair judgment, to be unprofessional and objectionable may, in the interest of rescuing that profession from vulgar commercialism, be banned. Prohibition against the use of flamboyant signs by members of a profession cannot be said to be unreasonable. The question here is not whether petitioner's contemplated violation of an equitable rule established by the highest body in the educational system of the State carries any penalty. It is whether in the act of such an attempted violation, petitioner possesses a clear legal right to demand that the judicial branch of government shall by order of mandamus thwart the Regents' laudable endeavor to elevate professional standards among dentists. We think that no such right exists.

In issuing permits under section 215 of the municipal ordinance, the City Clerk is not intended invariably to act as an automaton. If a permit may lawfully be issued, he is the officer designated for that purpose. Here is an instance where the word " shall " ought not to be interpreted in a mandatory sense. (*Matter of Thurber,* 162 N. Y. 244; *Matter of State of New York,* 207 N. Y. 582.) Generally but not always the City Clerk's duties are ministerial, yet surely he could not be compelled to perform an act which would result in crime, fraud or even public deception. He cannot be coerced into participating in transactions which are forbidden by law or by rules having the force of law. While his power to exercise discretion is extremely limited, he is not, on the facts before us, entirely without some measure of it.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, HUBBS and CROUCH, JJ., concur; LEHMAN and KELLOGG, JJ., dissent and vote to affirm.

Ordered accordingly.