FRED P. BROWN and Others, Plaintiffs, *v.* UNIVERSITY OF NEW YORK and Others, Defendants.

Supreme Court, Albany County, December 8, 1933.

*Charles H. Tuttle,* for the plaintiffs.

*John J. Bennett, Jr., Attorney-General [Sol Ullman, Assistant Attorney-General,* of counsel], for the defendants.

LOUGHRAN, J. The rule* does not transcend the statutory (Education Law, § 1313, subd. B, ¶ 4) delegation. (*Matter of Dr. Bloom Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358, 363, 364.) It is sanctioned by the antecedent experience of the authorities having jurisdiction, by the preponderant opinion of the profession, and by the actual conduct of all but a small minority of its members.

---

*\* Education Law

§ 1311. Revocation of license. * * *

2. If any practitioner of dentistry be charged under oath before the board with unprofessional or immoral conduct, * * * the board shall notify him to appear before a committee of three of the board at an appointed time and place, with counsel, if he so desires, to answer said charges.

RULES GOVERNING DENTAL ADVERTISING

In the administration of the law, the following forms of advertising are considered unprofessional and objectionable:

1. Any advertising statements of a character tending to deceive or mislead the public.

2. Advertising professional superiority or the performance of professional services in a superior manner.

3. Advertising definite, fixed prices when the nature of the professional service rendered and the materials required must be variable.

The extreme cases supposed upon the argument are no fair test of the validity of the canon. The presumption is that it will be so applied as to prevent oppression or absurdity. After wide investigation and full consideration, defendants determined that the rule is a reasonable administrative exercise of the police power. Upon the factors appearing in the moving papers, I cannot judicially say they are wrong.

Application denied.

4. Advertising by means of large display, glaring, illuminated, or flickering light signs, or containing as a part thereof the representation of a tooth, teeth, bridgework, or any portion of the human head.

5. Employing or making use of advertising solicitors or free publicity press agents.

6. Advertising either by sign or printed advertisement under the name of a corporation, company, association, parlor, or trade-name, except that legally incorporated dental corporations existing and in operation prior to January 1, 1916, may continue so operating, while conforming to the provisions of this act. (Subdivision 4 of section 1313 of the Education Law.)

7. No corporation shall display any sign or advertisement concerning its work by the use of any name except its true corporate name and the names of the duly licensed dentists practicing in connection therewith. It shall not use any parlor or trade-name in connection with such corporate name, or display any sign or advertisement, any parlor, trade, or assumed name under which the business was formerly conducted, except its true corporate name.

8. The employment of letters, handbills, posters, circulars, cards, stereoptican slides, motion pictures, radio, newspapers, or other advertising devices for the purpose of soliciting patronage, except that a dentist may use personal professional cards of a modest type announcing his name, title, address, telephone number and office hours.

(As amended, March 16, 1933.)

