FRED P. BROWN and Others, Appellants, *v.* THE UNIVERSITY OF THE STATE OF NEW YORK and Others, Respondents.[*]

Third Department, July 6, 1934.

* See 150 Misc. 193. Motion to settle case on appeal denied, 265 App. Div. 290.

*Charles H. Tuttle*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Sol Ullman, Assistant Attorney-General,* of counsel], for the respondents.

HILL, P. J. This action for an injunction restraining the enforcement of rule 8 of the Regents Rules concerning dental advertising, promulgated by the Board of Regents on March 16, 1933, is brought against the Board of Regents and the State Board of Dental Examiners by four dentists, residing and practicing their profession in the State of New York, on behalf of themselves and in a representative capacity for all licensed dentists in the State. Plaintiffs appeal from an order denying a motion for temporary injunction and from an order denying their motion for a declaratory judgment on the pleadings.

The Legislature has vested the Board of Regents with supervisory powers over the practice of dentistry (*Matter of Dr. Bloom Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358, 363), and " conformably to law " (Education Law, § 51) the Board may prescribe canons of conduct. The Regents, in past years, had made seven rules concerning advertising, which are still in force. These proscribe advertising which tends to deceive or mislead the public, that advances claims of professional superiority, names prices for items of work " when the nature of the professional service rendered and the materials required " are variable, the employment of publicity agents, the use of glaring illuminated or flickering light signs, and inhibits other similar acts offending against professional ethics. The extreme penalty for a violation is the revocation of the license to practice. The new rule, carrying a like penalty, reads:

" 8. The employment of letters, handbills, posters, circulars, cards, stereoptican slides, motion pictures, radio, newspapers or other advertising devices for the purpose of soliciting patronage,

except that a dentist may use personal professional cards of a modest type announcing his name, title, address, telephone number and office hours."

The plaintiffs challenge the power of the Board to adopt the rule. The Legislature may delegate to an administrative board or officer the power to revoke a license if, in the exercise of a reasonable discretion, such act is required for the protection of the public. (*Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173; *People ex rel. Lieberman* v. *Van De Carr*, 199 U. S. 552, affg. 175 N. Y. 440.) The legislative grant to the Regents (Education Law, § 51) empowered that Board to supervise " conformably to law " those who practice dentistry and if necessary to revoke licenses. The Legislature by chapter 609 of the Laws of 1933 amended subdivision 2 of section 1311 of the Education Law to authorize the revocation of a dentist's license if he was found guilty of unprofessional or immoral conduct, fraud or deceit, or of hiring or aiding persons not licensed to practice dentistry, or if he had been convicted of a crime, or was grossly ignorant or inefficient, or was " guilty of untrue, fraudulent, misleading or deceptive advertising." When the proposed amendment was first introduced, it provided as a further ground for revocation " that the dentist has violated the rules of the Regents governing advertising or any other Regents' rules." This was stricken out prior to enactment. The modification is indicative that the Legislature did not intend to grant so broad a power to the Board. As enacted, the statute permits advertising which is not " untrue, fraudulent, misleading or deceptive."

The Board of Regents may not make laws; that power rests with the Legislature, and is non-delegable, but when the Legislature has indicated its will by the enactment of a law, power to administer may be granted to that Board, and this power may be exercised by the adoption of rules. (*United States* v. *Grimaud*, 220 U. S. 506, 517.) The statute must prescribe a standard by which the action of the Regents is governed. (*People* v. *Klinck Packing Co.*, 214 N. Y. 121, 139.) The standard set for dental advertising is that it shall not be " untrue, fraudulent, misleading or deceptive." Rule 8 is more restrictive than the statute. It transcends the standard fixed in the law and enacts a standard of its own. " In the absence of clear and definite language conferring without ambiguity jurisdiction * * * we should not unnecessarily hold that the Legislature has intended to delegate any of its powers in the matter." (*Matter of Quinby* v. *Public Service Commission*, 223 N. Y. 244, 263.) Indeed, the Legislature may not delegate its law-making power by which standards are set up. (*United States* v. *Grimaud, supra.*)

The rule prohibits " the employment of * * * advertising devices for the purpose of soliciting patronage." This absolute prohibition is not permitted by the statute. The modest card is not advertsing as the word is used in connection with soliciting patronage. It is merely a compilation of data, convenient for the use of an inquirer. A card containing similar information used by a pastor or Sunday school teacher would not be classified as advertising. The standard governing the rule-making power permits advertising so long as it be not untrue, fraudulent, misleading or deceptive.

The action may be maintained under section 473 of the Civil Practice Act. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221.)

The order should be reversed.

McNamee and Crapser, JJ., concur; Rhodes, J., dissents, with an opinion, in which Bliss, J., concurs, with a memorandum.

Rhodes, J. (dissenting). The fundamental question here presented is whether rule 8, governing dental advertising, promulgated by the Board of Regents, is a valid exercise of power conferred.

It is argued that the Legislature did not intend that all advertising should be prohibited, because by section 1311 of the Education Law it has enacted certain rules for the violation of which the license and registration of a practitioner of dentistry may be revoked. A portion of that section authorizes such revocation where it appears that the dentist is guilty of untrue, fraudulent or misleading advertising. From this it is sought to be deduced that the Legislature intended to permit advertising except of the nature proscribed.

If this were the only statutory provision relative to the matter in hand, the above interpretation might be entirely valid and warranted. However, section 51 of the Education Law confers power upon the Regents to supervise the practicing of the professions of medicine and dentistry. In *Matter of Dr. Bloom, Dentist, Inc.*, v. *Cruise* (259 N. Y. 358) it was said that by said section 51 the authority conferred on the Board of Regents as to the practice of dentistry enables it, within reasonable limits, to prescribe canons by which conduct deemed by it, in the exercise of fair judgment, to be unprofessional and objectionable, may, in the interest of rescuing that profession from vulgar commercialism, be banned.

Rule 8 is, in effect, a canon of ethics regulating the profession conducted by dentists. The abuses of commercialism and unethical advertising which have prevailed are well known, and the objective which the Legislature and Board of Regents sought to attain is apparent.

By the canons of ethics adopted by the New York State Bar Association, the twenty-seventh thereof relates to the subject of

advertising by attorneys.    In part it provides: " The publication or circulation of ordinary simple business cards, being a matter of personal taste or local custom, and sometimes of convenience, is not *per se* improper.    But solicitation of business by circulars or advertisements, or by systematic personal canvassing is 'unprofessional."    The language of this paragraph is very similar to the language of rule 8.    Violation by an attorney of the canons of ethics is such professional misconduct as renders him amenable to discipline under section 88 of the Judiciary Law.    (See *Matter of O' Neil,* 228 App. Div. 129; *Matter of Schwarz,* 175 id. 335.)

If advertising by an attorney contrary to the governing canon of ethics constitutes unprofessional conduct, likewise it must be unprofessional conduct for a dentist to advertise contrary to the canon of conduct in force as to his profession.

If the Board of Regents has been clothed with authority to prescribe canons of professional conduct for dentists, this is but another way of saying that the Board has power to declare whether the standard shall be high or low, strict, liberal or lax.    The standard fixed by the rule in question is high; it should be; that is the purpose for which the duty has been imposed upon the Board.    If the standard is not to be raised, there is no need for regulation.

It may be conceded that any such rule must have some appreciable relation to the purpose sought to be accomplished.    That relevancy seems apparent here.

The record herein discloses that many dental societies of the State are in favor of the rule and that it was sponsored by them. It does not appear that a majority of such dentists are opposed to the rule or are disobeying it, nor that compliance therewith imposes any hardships.    Certainly it is not too idealistic to be practical, and its observation is in no wise impossible or difficult.    It, therefore, has the elements of reasonableness.

Difficulties of differentiation and discrimination between proper and improper advertising, and difficulties of administration and enforcement in case any advertising were permitted, furnish another ground to support the reasonableness of the action of the Board of Regents in forbidding all advertising except that specifically stated in the rule.    (See *Dieterich* v. *Fargo,* 194 N. Y. 359; *Silz* v. *Hesterberg,* 211 U. S. 31.)

The orders appealed from should be affirmed, with costs.

BLISS, J., concurs with a memorandum.

BLISS, J.    I concur with the memorandum of Mr. Justice RHODES for affirmance.

This issue has resolved itself in the discussion by this court into one of statutory construction.    Subdivision 2 of section 1311 of

the Education Law is the particular statute involved. Does clause (g) of that subdivision so limit or restrict clause (a) of the same subdivision that the Board of Regents lacked authority to promulgate and enforce a rule that certain professional advertising other than that which is " untrue, fraudulent, misleading or deceptive " is unprofessional conduct? The question arises on appeals by plaintiffs from an order denying their motion for an injunction *pendente lite* enjoining the enforcement of the rule and an order denying their motion for judgment on the pleadings.

The Board of Regents has supervision of the practice of the profession of dentistry (Education Law, § 51), and " subject and in conformity to the constitution and laws of the state " shall exercise legislative functions and establish rules regulating such practice. (Education Law, § 46.) It may discipline, even unto the revocation of his license to practice, one guilty of " unprofessional " conduct (Education Law, § 1311, subd. 2, cl. [a]) or " untrue, fraudulent, misleading or deceptive advertising." (Education Law, § 1311, subd. 2, cl. [g].)

It may be readily conceded that rule 8 exceeds the restrictions of clause (g). It is likewise quite apparent that if clause (g) were eliminated from subdivision 2, rule 8 would be a reasonable interpretation as to what is unprofessional conduct and within the statutory delegation. (*Matter of Dr. Bloom Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358.)

Does the fact that the Legislature has prohibited certain kinds of advertising limit the Board of Regents as to any regulation of other kinds of advertising, regardless of how flamboyant, unscrupulous, objectionable, unreasonable, unethical or unprofessional it may be? I think not. Nothing in the statute indicates any such intent. We do find there a determination by the law-making body that, in any event and even in the absence of any Regents' rule touching the subject, certain classes of advertising shall furnish grounds for revocation of license to practice. We also find there authority to discipline for unprofessional conduct. But we find no limitation on the authority of the Regents to rule that certain additional classes of advertising shall fall within the definition of unprofessional conduct.

In the presence of the grant of authority to establish and enforce the rule under clause (a) and the absence of any indication of intent to restrict that grant, the validity of the rule should be upheld.

I vote to affirm the orders.

Order denying plaintiffs' motion for a declaratory judgment on the pleadings is reversed on the law and facts, with costs, and a

judgment restraining defendants, their agents and attorneys, from enforcing rule 8 of the rules governing dental advertising, as amended March 16, 1933, is directed, with costs.

The consideration and decision of the appeal from the order denying temporary injunction is unnecessary, in view of our determination, and the appeal is dismissed, without costs.