In the Matter of the Application of Julius Levi, Petitioner, for an Order against The Regents of the University of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, September 27, 1938.

*Mariash & McAuliffe [Irving Mariash* of counsel], for the petitioner.

*Ernest E. Cole,* for the respondents.

FOSTER, J. This is an application under article 78 of the Civil Practice Act to review a determination of the Board of Regents, and to compel an indorsement of petitioner's foreign medical license to the end that he may practice medicine in the State of New York.

Petitioner alleges, among other things, that he has submitted satisfactory evidence to show compliance with subdivision 3 of section 51 of the Education Law. That section reads as follows: " And the Regents shall have further power to indorse a license issued by a legally constituted board of examiners in any other State or country upon satisfactory evidence that the requirements for the issuance of such license were substantially the equivalent of the requirements in force in this State when such license was issued, and that the applicant has been in the lawful and reputable practice of his profession for a period of not less than five years prior to his making application for such indorsement. When the evidence presented is not satisfyingly sufficient to warrant the indorsement of such license, the Board of Regents may require that the candidate for indorsement shall pass such subjects of the licensing examination specified by statute or Regents' rule as should be required of the candidate to establish his worthiness to receive such indorsement."

The respondents allege that on May 20, 1938, the Board of Regents made the following determination as to petitioner's appli-

cation: " That the applications of the following named persons for the indorsement of their medical licenses or diplomas without passing the medical licensing examination be denied, because the evidence submitted in each case is not satisfyingly sufficient to warrant such indorsement, but that such denial shall be without prejudice to the right of the applicants to continue taking the medical licensing examination: Dr. Paul Erlanger, New York City (German License); Dr. Julius Levi, New York City (German License); Dr. Maximilian Lewitter, New York City (Diploma from the University of Vienna)."

This determination was made after petitioner had failed to pass a medical licensing examination held in January, 1938. Petitioner, however, took this examination with a reservation as to any rights he might possess under the statute.

It will be noted that the statute does not require any examination except when satisfactory proof of a qualified status is not furnished; nevertheless, respondents allege that on September 21, 1936, the Regents adopted the following rule: " That on applications filed after October 15, 1936, no license issued by a legally constituted board of examiners in any foreign country shall be indorsed pursuant to the provisions of Section 51 of the Education Law, unless the applicant shall pass the licensing examination prescribed by law or Regents' rule." It is further alleged that such rule has been applied to all applicants for the indorsement of foreign licenses in any profession since that date.

In the respondents' answer there is a denial that the evidence presented by petitioner was satisfyingly sufficient to show that the requirements for the issuance of his German license were substantially equivalent to the requirements of this State at the time. The language of such denial is sweeping in its terms, and follows quite largely the language of the statute. Whether it is based wholly or in part upon the failure of petitioner to pass the State medical examination cannot be said with certainty. If it embraces proof submitted by the petitioner by way of documents, copies of which are attached to the return, a question of fact may be presented. On the other hand, if it is based solely upon petitioner's failure to pass the examination, then merely a question of law is presented. The structure of the pleadings apparently requires the court to pursue both lines of inquiry.

The question of law that arises with relation to the rule is whether it contravenes the statute, and fixes a standard beyond that contemplated by the Legislature. The latter did not give to the Board of Regents complete discretion as to the admission of foreign practitioners, but fixed a standard that the Board was

to apply. If it were otherwise, there was no necessity for the language of the statute, and the Legislature would have simply stated that the Board might admit such practitioners in its discretion. True, the words used in the statute are permissive in form, but it is a general and familiar rule that permissive words used in statutes conferring power and authority upon public bodies will be held to be mandatory where the act authorized to be done concerns the right of an individual. (*People ex rel. Comstock* v. *Mayor of City of Syracuse*, 59 Hun, 258; affd., 128 N. Y. 632; *People ex rel. Doscher* v. *Sisson*, 222 id. 387.) Under this principle it became the duty of the Board to indorse petitioner's license if he submitted satisfactory proof that the same was issued upon requirements substantially equivalent to those in force in this State at the time, and also that he had practiced lawfully and reputably for the prescribed period.

The rule adopted by the Board, however well intentioned, directly contravenes the statute. The latter provides for indorsement upon proof of substantially equivalent requirements and a period of practice, a procedure quite different from that required of a resident student. The rule, to the contrary, makes no such distinction, and its effect, if carried out, is to completely supersede the statute and destroy the standard as fixed by the Legislature. The distinction between a foreign practitioner and a resident student, as drawn by the legislative body with unmistakable intent, is completely abolished by the Board. In this respect it has transcended its power. It may not legally set a standard more restrictive than the statute. (*Brown* v. *University of State of New York*, 242 App. Div. 85; affd., 266 N. Y. 598.) Any question of public policy that may be involved in the admission of foreign practitioners should be passed upon by the Legislature. The Board's discretion does not extend to the solution of such a question.

The other line of inquiry, as to whether the pleadings raise an issue of fact, must be answered in the affirmative. A finding cannot be made without testimony on the issue raised by respondents that petitioner has failed to show that the requirements for the issuance of petitioner's German license were substantially equivalent to the requirements in force in this State at the time. Satisfactory evidence, or to use the clumsy phraseology of the statute, evidence that is satisfyingly sufficient, is such evidence as would satisfy an intelligent and reasonable mind. If petitioner produced evidence of such a character as to clearly satisfy the requirements of the statute, the Board could not reject it without acting arbitrarily. On the other hand, if the evidence was not of such character, or

was questionable in any degree either by way of authenticity or weight, the Board's action in rejecting it would be clearly within its discretion and not subject to review.

Petitioner has alleged that he produced satisfactory evidence, and the exhibits attached to the return give *prima facie* force to his contention, especially in view of the Board's failure to indicate in what respect the German requirements fell short, or to specifically challenge the weight or authenticity of any document submitted. Respondents, however, deny such allegation. Whether such denial is based wholly upon petitioner's failure to pass an examination cannot be determined from the answer, and hence it cannot be limited so as to raise only a question of law.

Under the circumstances an order should be made directing the trial of the issue as to whether petitioner produced evidence satisfyingly sufficient to come within the statute.