In the Matter of the Claim of ANNA MEIT, Respondent, against P. S. & M. CATERING CORPORATION et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.

Third Department, March 9, 1955.

*Bruce Bromley, Bernard F. Farley* and *Joseph W. Marlow* for appellants.

*Jacob K. Javits, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*James J. Regan* for Self-Insurers Association, *amicus curiæ.*

*George R. Fearon* for Associated Industries of New York State, Inc., *amicus curiæ.*

*Joseph D. Edwards* and *Ralph S. Stowell* for Commerce & Industry Association of New York, Inc., *amicus curiæ.*

ZELLER, J. Upon this appeal we are asked to determine whether the Workmen's Compensation Board has the power to adopt a rule which precludes the contesting of claims by employers and insurance carriers for failure to file notices of controversy. The challenged rule, adopted by the board in amended form effective April 8, 1954, reads as follows:

" Rule 21. *Controverting Claims.*

" Notice of Controversy, form C-7, must be completed and filed with the Chairman on or before the eighteenth day of disability or within ten days after the employer first has knowledge of the alleged accident, in all cases in which the right of a claimant to compensation is controverted. A copy of this form C-7 must be mailed to the claimant and to his representative, if any, simultaneously with the filing with the Chairman. The issues being controverted must be clearly indicated with an explanation of the reasons for the controversy, and the employer shall not thereafter plead any issue not so controverted. If the employer fails to file form C-7 within the period prescribed by Section 25, he shall not thereafter plead that the injured person was not at the time of the accident an employee of the employer, or that the employee did not sustain accidental injury, or that the injury did not arise out of and in the course of the employment.

" A panel of the Board may, upon affidavit and proof that filing of the prescribed form C-7 within the time provided in Section 25 was not reasonably possible, permit filing nunc pro tunc." (Rules and Procedure under Workmen's Compensation Law, rule 21.)

Briefly, the facts which give rise to this appeal are: The decedent, age sixty-seven, was employed as a waiter. While carrying an order of alcoholic beverages to a table, he slumped to the floor and died of coronary sclerosis. The employer, apparently believing that the death was not caused by an accident within the meaning of the Workmen's Compensation Law, did not then file a report of injury. Approximately two months after the occurrence, the board, by letter dated April 15, 1954, advised the employer that a claim for death benefits had been made and directed the employer to file an employer's report of injury. The employer completed the report of injury but its insurance carrier did not receive it until April 26, 1954. The insurance carrier filed the report with the board on April 28, 1954, together with a notice of controversy. Since the notice of controversy was filed several weeks after the alleged industrial accident and more than ten days after the employer had been notified by the board that a claim had been filed, an application on behalf of the employer

and insurance carrier was addressed to the board seeking leave pursuant to rule 21 to file the notice of controversy *nunc pro tunc*. The application was denied by a decision in which the board held that the employer was limited in its proofs as provided in rule 21 for failure to timely file its notice of controversy. The employer and its insurance carrier have appealed from the board's decision claiming the board is without power to adopt a rule precluding the contesting of claims by employers and insurance carriers for failure to file notices of controversy.

Section 25 of the Workmen's Compensation Law provides, " The board may adopt rules to carry out the provisions of this section ". Section 117 empowers the board to " adopt reasonable rules consistent with and supplemental to the provisions of this chapter and the labor law." Reading these sections together, as we believe should be done, they empower the board, so it seems to us, to adopt such rules as are consistent with the Workmen's Compensation Law, but not in conflict therewith, and which deal with matters not provided for by any broad statutory term. (*Matter of Perino* v. *Lackawanna Steel Co.*, 241 N. Y. 312; *Matter of Mohr* v. *Wiebusch & Hilger*, 247 App. Div. 679, affd. 272 N. Y. 655.) Consequently, upon this appeal, we must consider rule 21 as it affects the Workmen's Compensation Law, and particularly section 25 which the rule purports to implement, to determine whether the rule is consistent therewith.

Section 25 of the Workmen's Compensation Law sets forth in considerable detail procedures for payment of compensation and for contesting of liability, including the requirement of filing of a notice of controversy. It provides that if the right to compensation is not contested by the employer or insurance carrier, payment of compensation must be begun on or before the eighteenth day of disability or within eight days after the employer first has knowledge of the alleged accident. It requires the employer, if he decides to controvert the right to compensation, to file a notice of controversy with the board either on or before the eighteenth day of disability or within ten days after he has knowledge of the alleged accident. The consequences which follow the failure to file a notice of controversy or to begin payment of compensation within the time prescribed are set forth in this section. The insurance carrier who fails either to file a notice of controversy or to begin payment of compensation within the prescribed period or within ten days after receipt of a copy of the employer's report of injury, whichever period is greater, is subject to a $25 penalty. The employer or insurance carrier who fails to pay any installment of compensation within

eighteen days after it becomes due shall pay, unless excused by the board, an additional amount of 10% of the compensation due. Other penalties in the nature of fines are prescribed in detail by this section.

The Legislature has thus extensively imposed penalties for failure to comply with the requirements of section 25. But nowhere has the Legislature declared so drastic a penalty as forfeiture of the right to be heard when a notice of controversy is not filed within the time specified. On the contrary, the opposite intent is expressed in the very section under consideration. It states: " No case shall be closed *without notice to all parties interested* and *without giving to all such parties an opportunity to be heard.*" (Emphasis supplied.) In our opinion, rule 21 contravenes section 25 and is inconsistent with the design of the Workmen's Compensation Law as a whole. This rule imposes a forfeiture not contemplated by the evident scheme of the law and far in excess of any penalty imposed by section 25. The rule does not, as the statute requires, " carry out the provisions " of section 25, but, as we gauge its effect upon this section, it seems to us that the rule, imposing the forfeiture as it does, changes the statute to such an extent as not to implement it, but to be inconsistent therewith.

As long ago as 1925, in the case of *Matter of Andress* v. *Art Metal Constr. Co.* (214 App. Div. 151), this court held that a referee in a workmen's compensation claim was without power to preclude an employer and its insurance carrier from controverting a claim, even though no notice of controversy had been filed. In that case, the referee ruled at the first hearing on a claim for death benefits that the employer and insurance carrier had waived their right to contest the claim, except on the question of dependency, because no notice of controversy had been filed with the board. The board's determination in favor of the claimant, based upon the finding and ruling of the referee, was reversed. The opinion of this court stated, in part (p. 152), " Nowhere do we find any expression in this section [25] or anywhere in the statute in question which warrants the ruling of the referee that failure to file such notice of controversy is a waiver of the right to be heard."

After that decision, pointing out that failure to file a notice of controversy was not a waiver of the right to contest a claim, the Legislature several times amended section 25. In fact, as recently as 1952, the Legislature added to section 25 the provision authorizing the imposition of a penalty of $25 upon insurance carriers for failure to file a notice of controversy (L. 1952,

ch. 671) which penalty is in addition to all other penalties. However, though it has prescribed various penalties, at no time has the Legislature decreed that failure to file a notice of controversy within the time limitations provided by section 25 should result in an employer and insurance carrier being denied the right to contest important allegations of a claim.

Important here is section 1 of article III of the Constitution of this State which provides that " The legislative power of this State shall be vested in the Senate and Assembly." This legislative power cannot be passed on to others. (*Darweger* v. *Staats*, 267 N. Y. 290, 305.) The legislative body cannot grant to any administrative body the power to make substantive rules, unlimited and unrestricted by statutory qualification. The power which may be granted is not the power to legislate but the power to administer the law as enacted by the Legislature. (*Matter of Federal Tel. & Radio Corp.* [*Corsi*], 301 N. Y. 95.) Here, the board by rule 21 has prescribed a penalty for failure to file notices of controversy which is found neither expressly nor by necessary implication in the Workmen's Compensation Law and which is at variance with the statutory scheme. In our view, rule 21 is not confined to matters of procedure but is substantive in nature. In adopting it, the Board assumed legislative authority and its action is, therefore, invalid.

The decision should be reversed on the law, with costs, and the matter remitted to the Workmen's Compensation Board to permit the employer and the insurance carrier to file a notice of controversy and to present proof on all controverted issues.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Decision reversed on the law, with costs, and the matter remitted to the Workmen's Compensation Board to permit the employer and the insurance carrier to file a notice of controversy and to present proof on all controverted issues.