■ In the Matter of FANNY LEVIN et al., Respondents, against HARRY T. THORNBURY, as Village Clerk of the Incorporated Village of Sands Point, Appellant.— Respondents, owners of a tract of land in the village of Sands Point, desiring to subdivide it for development purposes, submitted a preliminary plat to the village planning board for approval. Section 179-k of the Village Law provides that the planning board may approve, modify or disapprove the plat, but it must act within 45 days from the time of submission of the plat — otherwise the plat shall be deemed approved and a certificate of the village clerk as to the date of submission and the failure to take action shall be issued on demand and be sufficient in lieu of the written indorsement of approval. The planning board having failed to act within 45 days, respondents requested the village clerk to issue the certificate, which was refused. Respondents brought this proceeding to compel the village clerk to issue the certificate. Special Term granted the application on condition that respondents post a performance bond satisfactory to the planning board, pursuant to section 179-l of the Village Law, with leave to apply to the court for a hearing in the event the amount of the bond be not agreed upon. The planning board failed to fix the amount of the bond, and, at a hearing requested by respondents, the court fixed the amount of the bond at $380,000, resulting in the order from which the village clerk appeals. Order affirmed, with $10 costs and disbursements. Under section 179-k of the Village Law, the planning board was

required to consider and revise the plat, if necessary, and approve or disapprove it within the prescribed period of 45 days after its submission. Failure to do so entitles respondents to the relief sought. Section 179-*l* of the Village Law, which must be read together with section 179-k, requires the planning board to estimate the amount of the performance bond to be filed to cover the cost of improvements. The failure of the planning board to do so should not defeat the right of respondents to the certificate. In any event, the right to object to the fixing of the bond by the court rested, not with the planning board but with respondents, who have raised no objection to the procedure. Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Murphy, J., dissent and vote to reverse the order and to deny the application with the following memorandum: Although section 179-k of the Village Law provides that failure of the planning board to approve or disapprove a plat submitted, within 45 days, shall be equivalent to the approval of the plat, and that the certificate of the village clerk as to failure to take action shall be issued on demand, and shall be sufficient as evidence of approval, that section of the Village Law must be read together with section 334-a of the Real Property Law, and the planning ordinance of the village of Sands Point. Section 334-a of the Real Property Law provides that in Nassau County, a person who subdivides real property into lots, plots, blocks or sites, for the purpose of sale to the public, must, before offering any of such subdivisions file a map or maps thereof, which must, before filing, be approved by the planning authorities having jurisdiction, and that such planning authorities shall not approve any such map unless the commissioner of public works of the county has indorsed thereon his approval of the grades of the streets, avenues, roads or highways shown thereon, and the drainage thereof. No such approval was indorsed on the plat filed by respondents, nor did it comply, in this or in other respects, with the requirements of the planning ordinance. Consequently the planning board had no authority to approve it. Section 179-k of the Village Law does not, in our opinion, require the planning board to take any action with respect to a map or plat which it has no authority to approve, nor should that section be construed as permitting the board, by inaction, to effect the approval of a map or plat which the board could not legally approve by direct action. Although the duty of the village clerk to issue a certificate is to a great extent ministerial, he should not be compelled to perform an act which would result in a violation of law. His power to exercise discretion is extremely limited, but " he is not, on the facts before us, entirely without some measure of it." (*Matter of Dr. Bloom Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358, 364; cf. *Matter of Lindgren,* 198 App. Div. 319.)