Harold E. Koreman, J.
In this action for a declaratory judgment, plaintiff moves for summary judgment and the defendant cross-moves for the same relief.
On July 1, 1963, the defendant promulgated a regulation requiring any applicant for a driving instructor’s certificate to successfully complete an approved course of at least 30 hours in driver training and traffic safety. This regulation applies both to original certificates and to renewals. Plaintiff’s application for a renewal of his certificate was denied solely upon the ground that he had not, prior to its expiration date, completed the required course. Thereafter, suit was instituted by the plaintiff on behalf of himself, and all other holders of and applicants for certificates as driving instructors similarly situated, to have the said regulation declared invalid and of no effect, and that he and others so similarly situated be declared to be entitled to receive certificates upon compliance with section 394 of the Vehicle and Traffic Law. An affidavit in support of this action is submitted by the president of an association of driving school owners with a membership of more than 150. The president of another association of driving schools has filed an affidavit in support of enforcement of the regulation. The issue to be determined herein is one of a common and general interest of many persons and thus this action is properly brought in a representative capacity.
The basis of the action is that the defendant was Avithout authority to issue the regulation since its subject matter is exclusively within the province of the Legislature, which has not authorized the defendant to impose this requirement for driving instructors. Plaintiff contends that the regulation is legislative in character and is, therefore, violative of section 1 of article III of the State Constitution.
Defendant maintains that his authority is to be found in sections 215 and 394 of the Vehicle and Traffic Law, and that the promulgation of the regulation is a valid exercise of the police power since it promotes the public health, safety or morals.
*809 It should be noted here that the issue is not whether the Legislature- has the power to set educational requirements for driving school instructors, nor whether it may properly confer such power upon the Commissioner with appropriate standards and directions for its exercise, but simply whether in fact such power has been conferred upon the defendant. (Matter of Small v. Moss, 279 N. Y. 288, 295-296.)
Section 215 authorizes the defendant to make rules and regulations, subject to and in conformity with the Constitution and laws of the State, which regulate and control the exercise of the powers of the department and the performance of the duties of its officers and employees. The court is unable to discern from this language any grant of authority to promulgate the regulation in question. This is made all the more clear by the enactment of section 394 which deals .specifically and solely with licensing of drivers’ schools and issuance of certificates to instructors employed by them. If there is any authority vested in the Commissioner to promulgate the regulation in question, it must be found in that section or not at all. Its language discloses a legislative intent and a public policy relating to the business of conducting drivers’ schools, with the evident purpose of placing the schools under the supervision and control of the Commissioner of Motor Vehicles. It prohibits any person from engaging in the business of conducting a drivers’ school unless licensed by the Commissioner and prescribes a distance requirement for the location of such places of business to avoid the appearance that they are being conducted in an official capacity. Subdivisions 4 and 5 grant authority to the Commissioner to refuse to issue or to revoke or refuse to renew a license in his discretion for any of the reasons set forth therein. The right to inspect the records of a school is found under .subdivision 7. The legislative scheme is the protection of the public interest by controlling the business of conducting drivers’ schools. The manner in which the Commissioner may control and regulate the schools is specifically defined and circumscribed in the statute. Defendant bases his authority on the following language in the last sentence of subdivision 7: “ The Commissioner shall prescribe such reasonable rules and regulations as he may deem necessary to carry out the provisions of this section”. The subdivision deals exclusively with the making of regulations concerning keeping of records, which shall be open to the inspection of the Commissioner. The only reasonable interpretation to be given to this provision is that the Commissioner is author *810 ized to make such, reasonable rules and regulations as he deems necessary so that he may determine whether there has been compliance with section 394. To construe either this subdivision or section 215 as a grant of a discretionary policy making power with respect to licensing would not only be inconsistent with other provisions which set forth definite standards and limitations within which the Commissioner may exercise his discretion, but would also authorize him to make rules and regulations without bounds to the field in which he may act and without standards to govern the exercise of his discretion within the field. Clearly, this he may not do without encroaching upon the prohibited area of legislation. (N. Y. Const., art. III, § 1; Matter of Small v. Moss, 279 N. Y. 288, supra; Brown v. University of State of N. Y., 242 App. Div. 85, affd. 266 N. Y. 598; Matter of Meit v. P. S. & M. Catering Corp., 285 App. Div. 506.)
The validity of the regulation must be considered from the viewpoint of whether the defendant, as distinguished from the Legislature, may promulgate the rule in question. (Matter of Small v. Moss, supra; Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184.) Subdivision 8 of section 394 is the only provision in the statute governing the qualifications required of persons to be employed as instructors by drivers’ schools. They may not be employed as such unless they hold a chauffeur’s license and an instructor’s certificate issued by the Commissioner and such certificates shall be issued only to persons of good reputation and moral character. There are no other qualifications set forth in the statute. It is also provided that the Commissioner may suspend or revoke an instructor’s certificate for any of the causes stated therein.
Defendant argues that he was fully warranted in promulgating the additional qualification under attack here, since it was done in the exercise of the police power; that the regulations adopted seek to correct certain evils existing in the drivers’ schools business by upgrading the professional standards of instructors, and that highway safety will be promoted by the quality of drivers completing the prescribed courses.
Defendant urges that there is no requirement for statutory authority when a question of public policy is involved. First of all, there is serious doubt that there is a rational relation between the exercise of the claimed powe'r and the evil sought to be corrected, which defendant assumes in his argument. As appears from defendant’s affidavit, the evil sought to be corrected were certain unlawful practices on the part of certain drivers’ schools and instructors, as well as employees of the *811 Department of Motor Vehicles. It can hardly be said that courses in driver training and traffic safety would in any way affect or change the moral standards of the individuals involved, even if there were no other method of dealing with the problem. Defendant contends further that a large percentage of instructors do not have the professional ability to teach others to drive, and that since his primary purpose in licensing drivers’ schools and issuing instructors’ certificates is highway safety, he has the authority, at least indirectly, to make regulations that will result in better trained drivers through more highly trained instructors. As to this contention, there is nothing contained in section 394 to indicate any other purpose than to regulate and supervise the schools as a private business for profit in their relationship with the public. It is noted further that when that section was enacted, as well as now, any person holding a chauffeur’s or operator’s license was qualified to teach another to drive and that only a very small percentage of drivers operating vehicles upon our highways receive instructions from these schools.
Assuming that the conditions stated by the defendant exist, and that he was prompted by the highest motives to correct them, his position finds no support under the prevailing legal authorities. The Legislature chose to regulate the business of conducting drivers’ schools, and its mandate was specific and defined. (Vehicle and Traffic Law, § 394.) The defendant could adopt regulations to effect the objects of the statute, but he could not substitute his own opinion of what was in the public interest and adopt regulations which transcend the standards fixed in the law and enact a standard of his own. (Brown v. University of State of N. Y., 242 App. Div. 85, affd. 266 N. Y. 598, supra; Matter of Meit v. P. S. & M. Catering Corp., 285 App. Div. 506, supra; Matter of Small v. Moss, 279 N. Y. 288, supra.) “ The grant of authority to the commissioner to make rules and regulations which in his opinion will serve to secure the objects of the statute and protect the public interest must be read as a single expression of limited authority to adopt resolutions appropriate to carry out the stated objects of the statute.” (Board v. O’Brien, 277 App. Div. 253, 257, affd. 302 N. Y. 890.)
In Matter of Picone v. Commissioner of Licenses (241 N. Y. 157) and Larkin Co. v. Schwab (242 N. Y. 330), the principle was enunciated that if an applicant for a license is a fit and proper person and complies with the conditions imposed by the licensing statute, he may not be denied a license for his failure to comply with conditions imposed by the licensing officer, not contained in the statute; that even though the addi *812 tional condition may be of public benefit, it is for the legislative body and not the licensing officer to impose it. With these principles as a guide and applying them to the facts here, the conclusion is inescapable that the regulation promulgated by defendant imposes an additional condition not found in the licensing statute. Mor does the plain language of the statutes (Vehicle and Traffic Law, §■§ 215, 394) reveal any intent on the part of the Legislature to delegate to defendant any of its powers with respect to this matter. The power which may be granted to an administrative body is not the power to legislate but the power to administer the law as enacted by the Legislature. (Matter of Federal Tel. & Radio Corp. [Corsi], 301 M. T. 95.) The regulation in question here is not confined to matters of procedure but is substantive in nature. In promulgating it, defendant assumed legislative authority and his action, therefore, is invalid. (Matter of Meit v. P. S. & M. Catering Corp., 285 App. Div. 406, supra; M. Y. Const., art. III, § 1.)
The authorities cited by defendant involved the constitutionality of certain statutes, which turned on the question of whether proper standards were set forth to guide the exercise of the power -granted. Matter of City of Utica v. Water Control Bd. (5 M V 2d 164); Chiropractic Assn. v. Hilleboe (12 N Y 2d 109) are clearly distinguishable. They hold that although standards or guides must be prescribed by the Legislature where powers are delegated to an officer or agency, when the exercise of the powers involves complex problems in a highly specialized area, it is proper to delegate such powers to experts in that field.
The defendant’s contention that plaintiff’s remedy is not proper since subdivision 10 of section 394 provides for judicial review in a proceeding under article 78 is not tenable. Firstly, defendant himself seeks a declaration on this motion that he was authorized by law to promulgate the regulations and that they are a valid exercise of the powers-vested in him. (CPLR 3212, subd. [b].) He is hardly in any position now to urge that the court refuse to entertain jurisdiction under CPLR 3001. (Pratter v. Lascoff, 140 Misc. 211, affd. 236 App. Div. 713, affd. 261 N. Y. 509.) Secondly, the court should, in a proper case, retain jurisdicition of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51.)
The remedy of declaratory judgment is available, not only where the validity of a statute is in question, but also where *813 its construction or its application to an undisputed set of facts is in question. (New York Foreign Trade Zone Operators v. State Liq. Auth., 285 N. Y. 272; Bunis v. Conway, 17 A D 2d 207.) This is so even in a case where the statute provides for judicial review of the action about which complaint is made. (Dun & Bradstreet v. City of New York, 276 N. Y. 198; General Motors Corp. v. Industrial Comr., 16 A D 2d 862.)
Accordingly, plaintiff’s motion for summary judgment for the relief sought is granted.