(July 29, 1965)

■ ROCCO RUSSO, on Behalf of Himself and All Other Holders of and Applicants for Certificates as Driving Instructors, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.— TAYLOR, J. The Commissioner of Motor Vehicles of the State of New York appeals from an order of the Supreme Court at Special Term which directed summary judgment declaring invalid his promulgated regulation which required an applicant for a driving instructor's certificate or a renewal thereof successfully to complete a 30-hour course in driver training and traffic safety at an accredited college or university as a condition precedent to licensure. The directive challenged by plaintiff suing individually and in behalf of others similarly situated was formulated by the Commissioner as the result of a survey which disclosed that 90% of the certificated driving instructors employed by licensed commercial drivers' schools of the State had had no professional training to fit them for their calling. At a hearing conducted on the proposed regulation no one seems to have disputed the need for improvement in the standards of driver education or for better trained instructors. Although not conceding the Commissioner's power to impose the academic requirements, such objection as there was to the proposed educational program essentially centered in the claim of curricular hardship which applicants would encounter in their fulfillment. Respondent's brief quotes a statement of the Commissioner made in early 1965 that over 50% of the 1,429 instructors presently licensed had completed the prescribed course of study and that several hundred more were enrollees therein. Section 394 (subd. 8, par. [a]) of the Vehicle and Traffic Law provides that "No person shall be employed by a [licensed drivers' school] as a driving instructor, nor shall any person give instructions for hire in the operation of motor vehicles or motorcycles unless such person is the holder of a chauffeur's license and an instructor's certificate issued by the commissioner" and that "Such certificates shall be issued only to persons of good reputation and moral character." It further requires that an application must identify the driving school or schools in which the applicant is to act as an instructor and contain such other information as the Commissioner shall prescribe. A nonrefundable fee of $5 must accompany the application. In striking down the regulation Special Term reasoned that the Commissioner was limited to a consideration of the formal requirements for a license specified in the statute. This view would circumscribe the purpose of the licensing statute which clearly is to make certain that public instructors for whom the State vouches are fitted by character and training to teach the techniques of safe driving. Though not expressly provided we think that the Legislature intended to delegate to the licensing official discretion to prescribe the educational program which no one contends is lacking in reason and to deny a license for a failure successfully to complete it. (*People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *Matter of Rosenberg* v. *Moss,* 296 N. Y. 595.) Moreover, the Legislature by section 394 (subd. 8, par. [b] authorized the Commissioner to suspend or revoke an instructor's certificate if he "has failed to comply with the rules and regulations prescribed by [him]". It seems clear that by necessary implication the power to refuse licensure for the same reason was intended

to be delegated. (*Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299, 307.) Judgment and order reversed, on the law and the facts, and complaint dismissed, without costs. Reynolds and Aulisi, JJ., concur; Herlihy, J. P., and Hamm, J. dissenting: We vote to affirm. (See *Schulman* v. *People,* 10 N Y 2d 249, 256, 257; *Matter of Small* v. *Moss,* 279 N. Y. 288, 295, 296; *Brown* v. *University of State of New York,* 242 App. Div. 85, affd. 266 N. Y. 598; *Matter of Meit* v. *P. S. & M. Catering Corp.,* 285 App. Div. 506.) [45 Misc 2d 807.]